E. A COVINGTON and another *v.* BENJAMIN INGRAM.

Final decrees in the late Courts of Equity, can be impeached at present only by *actions*, commenced, as others, by summons.

(*Rogers* v. *Holt*, Phil. Eq. 108; *Emerson* v. *Mallett*, Ib. 234, cited and approved; *Barnes* v. *Morris*, 4 Ire. Eq. 22, cited, distinguished and approved.)

Motion to dismiss a rule theretofore obtained, made before *Buxton, J.*, at Fall Term 1869 of Anson Court.

The facts were that at Fall Term 1859 of Anson Court of Equity, upon the petition of the plaintiffs and others, certain lands had been ordered to be sold, for partition; at Spring Term 1861, the Master reported that he had made the sale, and his report was confirmed: At Fall Term 1861, an order was made to collect the bonds given for the purchase money: In May 1863, the defendant, Ingram, who had purchased one of the tracts, paid the price to the Master, in Confederate money, and, thereupon, at Fall Term 1863, a decree was made, reciting that the purchase money had been paid, and ordering, that the lands be conveyed by the Master to the purchasers, " to-wit: the Mount Pleasant land to Benjamin Ingram the purchaser, in fee simple, &c."— that the costs be paid, that a distribution of the residue of the money be made among the petitioners, and that the decree be enrolled.

This was accordingly done, excepting that the plaintiffs received no part of the shares due to them.

Before Spring Term 1869 of Anson Court, notice in writing, *entitled* as being in the petition filed in 1859 for partition and sale, was given by the plaintiffs to the defendant, that at the next term they would apply for a rule upon him, to show cause why the proceedings in regard to the alleged payment by him of the money for the Mount Pleasant land, and the deed for such land to him, should not be set aside, and an order made requiring him to pay the difference between the price bid by him for the land, and the real value of the depreciated money which he had paid to the Master. The matter was *continued* at Spring Term. At Fall Term, after argument upon both sides, the rule was granted. Subsequently the defendant moved to dismiss the rule, upon the ground that the relief which was asked for, could be had only by an action commenced by *summons.*

This motion having been overruled, the defendant appealed.

*Blackmer & McCorkle, and Phillips & Merrimon,* for the appellant.
*Ashe, and Battle & Sons, contra.*

SETTLE, J. The sole question presented by the record, is one of pleading.

The merits of the controversy are not now before us; and we are therefore not at liberty to consider the fact, that the defendant has the plaintiff's land, and has paid but little or nothing for it.

We are of the opinion that the decree of the Court of Equity, made and ordered to be enrolled at Fall Term 1863, was final; leaving nothing further to be done by the purchaser, Benjaman Ingram, and that so far as he was concerned in that proceeding, it was *res adjudicata,* the plaintiffs having had their day in court. It may be that the

plaintiffs could have obtained the relief which they seek, if the suit had still been pending, by *orders made in the cause.* This was the mode of procedure in *Emerson* v. *Mallett,* Phil. Eq. 234, where there had been no final decree, and therefore the court retained full control of the whole matter, and could adjust all the equities growing out of it. Indeed, a Court of Equity would not entertain a bill seeking no other relief than that which might have been had by orders in a suit then pending: *Rogers* v. *Holt,* Phil. Eq. 108.

On the other hand a final decree could only have been impeached before the adoption of the Code of Civil Procedure by a bill of review. Since the adoption of the Code, relief against such a decree can only be had by a civil action, commenced by issuing a summons: *Barnes* v. *Morris,* 4 Ire. Eq. 22, cited in the argument by both sides, is not in point, and is mentioned only to show that it has not been overlooked.

There was error in ruling that an action was unnecessary, and that relief might be granted by orders in the cause. Let this be certified.

PER CURIAM.                                   Error.