WILLIAM THAXTON and others *v.* JOHN WILLIAMSON and others.

A decree in a Court of Equity regularly enrolled and registered is final and cannot be impeached by a motion in the cause.

Before the adoption of the Code, such a decree could only have been impeached by a bill of Review, and since its adoption can only be impeached by a civil action commenced by summons.

(*Covington* v. *Ingram*, 64 N. C. Rep. 123, *Singletary* v. *Whitaker*, Phil. Eq. 77, cited and approved.)

This was a MOTION, after notice, in a former Petition in Equity, to vacate a decree, heard by *Tourgee, J.,* at Fall Term, 1873, of PERSON Superior Court.

From the order made by his Honor, upon hearing the motion, the defendants appealed.

All the facts pertinent to the points decided, are fully set out in the opinion of Justice SETTLE.

*Dillard & Gilmer*, for appellants.
*John W. Graham*, contra.

SETTLE, J. At the Fall Term, 1859, of the Court of Equity for Person county, a petition was filed by the widow and heirs at law of George W. Jeffreys, praying for the confirmation of a sale of the real estate of the said Jeffreys, which had previously been made to James E. Williamson, but which they

could not complete without the intervention of a Court of Equity, in consequence of the death of Cornelia Thaxton, (the mother of the present plaintiffs, who were infants,) since the sale of the land, but before the execution of a deed therefor. At the same term a decree was filed confirming said sale, and declaring, in accordance with the Revised Code, chap. 32, sec. 24, that the effect of the decree, "shall be to transfer to the said Williamson, the legal title in the said land as fully as though the conveyance decreed was in fact fully executed." The said decree was duly enrolled and registered, and the cause was put off the docket.

Nothing further is heard of the cause until Fall Term, 1873, of Person Superior Court, (at which term, the defendant had been notified to appear,) when his Honor, on motion, ordered a reference in the said cause to the Clerk of the Court, to take an account and report the amount of the purchase money remaining unpaid by the said James E. Williamson ; from which order, the defendant appealed.

The first question is, can the plaintiffs impeach the decree of 1859, by a motion in the cause, or must they do so, by a regular action ?

This depends upon whether the decree was final, or whether the cause was still pending, awaiting further orders and directions.

We think the decree was final, inasmuch as it disposed of the whole cause, granted the relief prayed for, left nothing further to be done, was enrolled and registered ; and the cause, under its operation, was dropped from the docket from 1859 to 1873.

This being so, the case of *Covington* v. *Ingram*, 64 N. C. Rep., 123, is directly in point. The Court there holds that a final decree could only have been impeached before the adoption of the Code, by a bill of Review, and since the adoption of the Code, relief against such a decree can only be had by a civil action, commenced by issuing a summons. 3 Dan. Ch. Prac. 1724.

We might stop here, but it will perhaps promote the ends of

justice, to say that should the plaintiffs bring their action, we think the heirs of Williamson should be made parties.   They have an equity in the land to the extent of the payment made by their ancestor, and the plaintiffs have an equity to the extent of the purchase money still remaining due and unpaid. And if it be true that the purchase money, or any part thereof is still due and unpaid, it will be difficult for the defendants to suggest a defence which will, to use the forcible language of the Chief Justice in *Singletary* v. *Whitaker*, Phil. Eq. 77, " avail anything in the face of the fact, that the defendants have the land of the plaintiffs, but have not paid for it."

The order of his Honor, making a reference to the Clerk, &c., is erroneous.   Let this be certified.

PER CURIAM.                              Judgment affirmed.