M. L. EURE and others v. W. C. PAXTON and others.

*Practice—Impeaching final decree.*

A final decree rendered by a court of competent jurisdiction can be impeached only in a direct proceeding for that purpose.

(The court intimate that causes will be remanded at the cost of the appellant where the appeal is not perfected as required by C. C. P. § 301.)

(*Covington* v. *Ingram*, 64 N. C. 123 ; *Thaxton* v. *Williamson*, 72 N. C. 125; *Spruill* v. *Sanderson*, 79 N. C. 466, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of CHOWAN Superior Court, before *Furches, J.*

This action was brought for the sale of a tract of land known as "Locust. Grove," and for the application of the proceeds of sale to the discharge of certain liens attaching thereon. The land had been mortgaged to secure a debt due the testator, Richard Paxton, and was after his death sold and purchased by his executrix and widow, E. B. Paxton, for the benefit of his estate, and paid for out of the secured debt. Subsequently to this purchase, the legatees and executrix instituted certain proceedings in the superior court of Chowan, which terminated in a final decree at spring term, 1876. The judgment among other things provided for an exchange of the interest of some of the parties in the land so purchased and another devised tract, and, for equality of partition, declared that the petitioners, J. C. Warren and wife Elizabeth, and Thomas C. Badham and wife Sallie, were each entitled to the sum of $187.50 with interest thereon from March 6th, 1876, and the infant petitioner, Claudia Paxton, to the sum of $1,125 with like interest, and that these sums were and should be liens upon the Locust Grove tract. The judgment also declared that the said Claudia was indebted to one C. M. Wood, executrix, in the sum of $300 with interest from July, 1874, and to T. C. Badham and wife in the sum of $180 with interest from May 22d, 1873, which are charged upon the moneys due to her. Assignments have been made to others, parties to the action, which need not be specifically set out.

The prayer is for a sale of Locust Grove and the application of the proceeds thereof to the satisfaction of the respective liens. There was a judgment for sale and an appeal by the defendant, Claudia.

Eure *v.* Paxton.

*Mr. J. B. Batchelor*, for plaintiffs.
*Messrs. Gilliam & Gatling*, for defendants.

Smith, C. J. (After stating the case as above.) The only defence made in this court is that the sums declared to be due from Claudia, are in excess of her income and largely encroach upon her principal estate. The objection interposed at this time and in this mode is entirely untenable. The judgment having been rendered by a court of competent jurisdiction and in a cause properly constituted between the parties, until reversed or modified by some proceeding directly impeaching it, remains in full vigor, and its liens cannot be successfully resisted. While it stands, all inquiry into its merits is shut off. This is fully settled upon authority and well understood principles of legal and equitable procedure. *Covington* v. *Ingram*, 64 N. C. 123; *Thaxton* v. *Williamson*, 72 N. C. 125; *Spruill* v. *Sanderson*, 79 N. C. 466. We therefore affirm the judgment.

The case made out for this court contains a statement of some facts, and refers us to voluminous pleadings to ascertain the other facts therein alleged and admitted. This is not in accordance with the requirements of C. C. P. § 301, and but for the fact that the controversy is narrowed down to a single point, not difficult of determination, we should have felt constrained to remand the cause at the cost of the appellant.

No error.                              Affirmed.