WILLIAM S. PETERSON, Adm'r, and others v. JOHN VANN, Trustee, and others.

*Petition to sell Land for Assets—Jurisdiction—Final Decree— Suit to Reverse.*

1. The special *quasi* equitable jurisdiction conferred upon the late court of pleas and quarter sessions to order a sale of the land of a decedent to pay his debts was exercised and came to an end upon a decree of sale and confirmation thereof, followed by an order to collect the purchase money and make title.

2. Such final decree can only be reversed or modified by an action in the

superior court commenced by summons, as a substitute for a bill of review or for a bill to impeach the decree for fraud.

3. A failure to adjudicate upon the question of costs does not affect the character of the decree as a final one.

(*Thompson* v. *Cox*, 8 Jones, 311; *Evans* v. *Singletary*, 63 N. C., 205; *Gibson* v. *Partee*, 2 Dev. & Bat., 530; *Barnard* v. *Etheridge*, 4 Dev., 295; *Covington* v. *Ingram*, 64 N. C., 123; *Thaxton* v. *Williamson*, 72 N. C., 125, cited and approved.)

MOTION to set aside a judgment and order of sale, heard at January Special Term, 1880, of SAMPSON Superior Court, before *Gilmer, J.*

The plaintiff filed his petition in the court of pleas and quarter sessions of Sampson county at November term, 1866, for a license to sell the land described in the petition to pay the debts of his intestate; and on this petition a summons was issued returnable to May term, 1867, against John Vann, styled agent of Mary Boney, and against the heirs at law of Chester R. Vann, without description. of them by name and in this respect the summons pursued the petition. Upon the petition thus begun, the following proceedings were had:

At May term, 1867, the summons was returned "executed" and at the same term, W. A. Matthis, the clerk, was appointed guardian *ad litem* to the heirs at law of the plaintiff's intestate, and he accepted service of his appointment.

At August term, 1867, John Vann filed an answer, wherein he set up that the land, though once the property of the intestate, was sold under execution for his debts in 1862, when he purchased the same and took the sheriff's deed therefor, and afterwards, in 1864, conveyed it to his grandchildren, the heirs at law of Chester R. Vann, and by this means he insisted the intestate had no interest or title liable to be sold for his debts. And at the same term of the court, Matthis, guardian as aforesaid, filed an answer, referring to

and relying on the matters of defence contained in the answer of John Vann.

At said August term, 1867, an entry was made on the record in these words : "Answer filed ; replication ; ordered by the court that issues be submitted to a jury." At November term, 1867, the cause is marked "continued." At February term, 1868, there is this entry : "Order of sale, for decree see minutes." At May term, 1868, this entry : "Report of sale confirmed and decree for title." At fall term, 1869, of the superior court, the cause was entered on the docket of that court and there was this order : "Judgment against petitioner for costs," and the cause was dropped from the docket.

After these proceedings, the heirs at law of the intestate, claiming as grantees of their grandfather, John Vann, on notice to the plaintiff moved before the clerk to set aside the order of sale of the land at February term, 1868, of the county court and also the order of confirmation and for title to the purchaser at May term of the same court; and the same being denied, on appeal to the superior court, the judge remanded the cause to the probate court for additional parties.

In pursuance of the order remanding the cause for new parties, after notice to the petitioner, to the heirs of A. M. Matthis and to William Sutton and wife, the present claimants of the land under the administrator's sale, the probate court overruled the motion to set aside the decree of sale and order of confirmation and for title; and on the appeal to the superior court at said January special term, 1880, the judgment of the probate court was affirmed, and the defendants appealed.

*Mr. D. J. Devane,* for plaintiffs.
*Mr. J. L. Stewart,* for defendants.

DILLARD, J., after stating the case.   Upon this appeal, the error assigned is the affirmance by the superior court of the refusal of the probate court on the facts above recited to set aside the decree of sale, order of confirmation and for title in the county court at February and May terms, 1868.

The late court of pleas and quarter sessions, by the act of 1846, (Rev. Code, ch. 46, § 44,) was clothed with a jurisdiction to order the sale of land of deceased debtors for payment of their debts on the petition of their personal representatives, to be exercised in the mode and to the extent limited in the statute conferring the jurisdiction.   It was a *quasi* equitable jurisdiction, created for a special purpose and with enumerated powers, and hence the courts settled it, that upon a decree of sale, confirmation thereof and an order to collect the purchase money and make title, the jurisdiction conferred was exercised and at an end.   *Thompson* v. *Cox*, 8 Jones, 311 ; *Evans* v. *Singletary*, 63 N. C., 205.

From the statement of the case of appeal by the judge, in connection with the clerk's transcript from the record of the county court, it appears that no regular memorial was made up and entered of record, but that the proceedings throughout are indicated by mere memoranda and informal entries from which a record in form might be drawn out and which in legal intendment is to be understood as existing.   *Gibson* v. *Partee*, 2 Dev. & Bat., 530; *Barnard* v. *Etheridge*, 4 Dev., 295.

Taking the record then to be what the loose entries of the clerk would authorize to be made up, from the entry " *order of sale, for decree see minutes* " at February term, 1868, and the entry " *report of sale confirmed and decree-for. title* " at May term, 1868, the legal conclusion is, that the court of pleas and quarter sessions exercised fully the jurisdiction it had over the subject and that the decree then rendered was a final one, as held in *Thompson* v. *Cox* and *Evans* v. *Singletary*,

*supra.* So that there was no occasion for any further action in the matter, either in the county court or any other.

If the decree in the county court at May term, 1868, was final and the same was fully executed by payment of the money and the execution of title to the purchaser, as is to be taken to be true from the fact of the purchaser's being made a party to defendant's motion in the cause, then by the 25th day of January, 1879, when the motion in the cause was made, there was no cause pending in which to make the motion and the only remedy of defendants was, as settled by a series of decisions in this court, by an action in the superior court commenced by summons as a substitute for a bill of review, or for a bill to impeach the decree for fraud. *Covington* v. *Ingram,* 64 N. C., 123 ; *Thaxton* v. *Williamson,* 72 N. C., 125.

But it may be said that the decree of the county court was not final, for the reason, that after confirming the sale and ordering title, it did not adjudge upon the matter of costs. We do not think the finality of the decree was affected by that circumstance. The giving of costs in equity and in cases of this kind in the courts of pleas and quarter sessions would not necessarily have followed the decree confirming the sale and ordering title to the purchaser. But it would have been a matter of discretion in the court. And as no reservation of the question of costs was contained in the decree of May term, 1868, which disposed of the whole merits of the proceeding, the import of the decree, otherwise certainly final, is that the court exercised its discretion and refused costs ; or, the cause not being retained for further orders and directions, that the costs were waived and lost. Daniel Chancery 15, 16. Neither did the entry of the cause on the docket of the superior court at fall term, 1869, followed by the memorandum, "*judgment against the petitioner for costs,*" alter the case. The whole object of the petition was accomplished and the suit at an end, and the

docketing of the case in the superior court was therefore not authorized by section 400 of the code, and availed not to disturb the finality of the decree of the county court at its May term, 1868.

We must therefore declare our opinion to be, that the remedy of the defendants, if any they have, is not by a motion in the cause, but by an action with proper parties thereto in the superior court in the nature of a bill of review, or a bill impeaching the decree for fraud or other sufficient cause. There is no error in the judgment of the superior court affirming the judgment of the probate court disallowing defendants' motion.

No error. Affirmed.