J. G. L. ENGLAND and others v. EDMUND GARNER and others.

*Practice—Remedy to test validity of final decree.*

Where a final decree has been rendered in a proceeding, and carried into effect, the only mode of testing its validity is by a new action commenced by summons.

(*Pearson* v. *Nesbit*, 1 Dev., 315; *Keaton* v. *Banks*, 10 Ired., 381; *Single-*

*tary* v. *Whitaker,* Phil. Eq., 77 ; *Rogers* v. *Holt, Ib.,* 108; *Covington* v. *Ingram,* 64 N. C.. 123 ; *Thaxton* v. *Williamson,* 72 N. C, 125 ; *Peterson* v. *Vann,* 83 N. C., 118 ; *Doyle* v. *Brown,* 72 N. C., 393 ; *Latta* v. *Vickers,* 82 N. C., 501, cited and approved )

MOTION to set aside an order of sale, &c., heard at Fall Term, 1880, of MOORE Superior Court, before *Avery, J.*

At spring term, 1860, of the court of equity of Moore county, a petition was filed in the name and on the behalf of the parties now complaining for the partition by sale of three several tracts of land held by them as tenants in common. The lands were sold under a decree, and bought by the several defendants, who have paid therefor, and received their title deeds. The cause was retained on the docket, and afterwards transferred to that of the superior court, under rules against the purchasers, and at fall term of 1871, the rules were discharged and the proceedings terminated.

The petitioners, alleging their non-residence and the want of authority in the solicitor who undertook to represent them to institute or carry on the suit, upon notice to the purchasers issued on November 23d, 1878, moved the court to set aside the entire proceedings, on that ground, and offered evidence to sustain the allegation. The court, being of opinion that relief could only be sought in a new action and was not obtainable in this summary method, refused the motion and the evidence offered in its support, from which ruling the plaintiffs appealed.

*Mr. John Manning,* for plaintiffs.
*Messrs. Hinsdale & Devereux,* for defendants.

SMITH, C. J. The cases cited by the counsel for the appellants show that relief from a judgment at law, rendered against the course of the court, may be had by motion in the cause. To this class of cases belong :

*Pearson* v. *Nesbit*, 1 Dev., 315, where the judgment was vacated seven years after its rendition, because the same person was plaintiff, an executor and a defendant.

*Keaton* v. *Banks*, 10 Ired., 381, where an unauthorized acceptance of service of process was made for an infant defendant, and the judgment on which an execution had issued and property sold was set aside eight years thereafter.

It is equally well settled, that errors or wrongs committed during the progress of a suit in equity, and before its determination, must be corrected by a petition filed in the cause, as is held in *Singletary* v. *Whitaker*, Phil. Eq., 77 ; and *Rogers* v. *Holt*, Ib., 108.

If, however, the suit is ended by a final decree, carried into effect, the redress must be sought by a new action, as is decided in *Covington* v. *Ingram*, 64 N. C., 123 ; *Thaxton* v. *Williamson*, 72 N. C., 125 ; and *Peterson* v. *Vann*, 83 N. C., 118 ; and is recognized and acted on in *Doyle* v. *Brown*, 72 N. C., 393, and *Latta* v. *Vickers*, 82 N. C., 501.

The case of *Doyle* v. *Brown*, in its essential features, is very similar to the present. There, the petitioners alleged that they resided in the state of Arkansas, when the bill for sale of the lands was filed and decree made ; that they had no notice of the proceedings, nor have in any way assented to them since they came to their knowledge in 1867; In delivering the opinion, READE, J., uses this language: "It is an action in the nature of a bill in equity to vacate the said decree, but not alone for that. It sets forth the proceedings and the decree in the former action, and that the plaintiff was not in fact a party thereto, and had no knowledge of it, being at the time, as she now is, a non-resident. And it demands to have the proceedings and decree vacated and declared void."

So again in *Peterson* v. *Vann*, where the motion was to invalidate certain proceedings instituted by the plaintiff, as administrator, for license to sell land for assets, DILLARD,

J., adverting to the fact that a final decree had been entered, the purchase money paid, and title made to the purchaser, proceeds to say: " When the motion in the cause was made, there was no cause pending in which to make the motion, and the. *only remedy of defendants was, as settled by a series of decisions in this court, by an action in the superior court, commenced by summons, as a substitute for a bill of review, or for a bill to impeach the decree for fraud.*"

We think, therefore, the remedy in this case has been misconceived, and should have been sought in a new action. We do not enter upon a consideration of the merits, and will only say that if confidence in the integrity of the action of the court is to be retained, it will be slow to annul what it has done, after the lapse of many years, and will only do so upon the clearest proof.    The judgment is affirmed.

No error.                                    Affirmed.