RICHARD B. THOMPSON v. SARAH E. SHAMWELL.

*Partition of Land—Tenants in Common—Practice—Procedendo—Motion in the cause and new action by summons.*

1. Partition of land was had, report of the commissioners confirmed, and final judgment entered ; *Held,* no error to deny the motion of a complaining tenant to have the report remanded to the commissioners for the correction of an alleged mistake in running a dividing line. But the appropriate course in such case is for the judge to direct his ruling to be certified to the probate court to dismiss the application.

2. This cause being ended, the remedy (if any, after an acquiescence for seven years) is not by motion, but by a new action commenced by summons.

(*Covington* v. *Ingram,* 64 N. C., 123; *Thaxton* v. *Williamson,* 72 N. C., 125; *Jones* v. *Hemphill,* 77 N. C., 642; *Wood* v. *Skinner,* 79 N. C., 92; *Peterson* v. *Vann,* 83 N. C., 118; *England* v. *Garner,* 84 N. C., 212; *Wahab* v. *Smith,* 82 N. C., 229; *Hoff* v. *Crafton,* 79 N. C., 592; *Capps* v. *Capps,* 85 N. C., 408, cited and approved).

SPECIAL PROCEEDING commenced before the clerk of Davidson superior court, and removed to and tried at Spring Term, 1883, of FORSYTH Superior Court, before *Graves, J.*

Under proceedings instituted in the probate court of Davidson and conducted regularly to a conclusion, the lands descended

from the intestate (Joseph H. Thompson) to his heirs-at-law, children and grandchildren, were divided among them and their respective shares assigned in severalty, except that one tract, with expensive improvements and not admitting of partition, was set apart to three of the tenants as their joint share.

Some of the petitioners being infants and represented by their guardians, the final judgment, confirming the commissioners' report and vesting the estates in the allotted shares in severalty, was submitted to the judge of the district and his approval entered on the copy thereof, early in January, 1873.

In the division, separate and adjoining shares, the boundaries of each distinctly defined by natural objects and course and distance, were set apart to the *feme* petitioner, Sarah Shamwell, lot No. 3, and the infant petitioner, Richard B. Thompson, lot No. 4.

In February, 1880, notice was issued by O. M. Shamwell and wife against the other parties to the proceeding, and as the record shows, served on one of them and her husband, of an intended motion to be made before the probate judge on the 3d day of March following, for remanding the report of the commissioners to them, in order that an alleged error in running and describing the dividing line between the above specified lots may be corrected, whereby lot No. 3, containing one hundred and twelve and a half acres, will be increased in area one and a half or two acres, and lot No. 4 be by that quantity diminished.

The probate judge of Davidson being related to the parties, removed the motion, when the same came on for hearing to the probate judge of Forsyth, before whom issues were made upon the allegations and counter-allegations contained in the affidavits, and with the full record transferred to the civil issue docket of the superior court for trial at term time.

The issues eliminated and sent up were in form as follows:

1. Was there a mistake in the report of the commissioners who divided the lands of J. H. Thompson and in the decree confirming the same, as charged in the petition?

2. Is the petitioner's right barred by the statute of limitations?

When the cause was called in the superior court, the respondents moved to dismiss the petitioner's application as not warranted upon the evidence, and His Honor being of opinion that the allegations did not warrant the granting the relief demanded, dismissed the proceeding, and the *feme* petitioner, alone prosecuting her cause since the death of her husband, appealed to this court.

No counsel for plaintiff.
*Messrs. Watson & Glenn,* for defendant.

SMITH, C. J., after stating the above. Without assenting to the irregular method pursued for obtaining a correction of alleged errors in the records of a court by amendments, the propriety of which rests in the sound discretion of the judge, and of the sufficiency of the evidence of such error he must determine, it is to be observed that the proposition is, not to show that the record does not truly state the action of the court in adopting the report of partition and confirming the distribution of the shares by the well-defined lines which bound them, but to correct misapprehensions in the minds of the commissioners as to the location of the lines as described; in other words, it is to give effect to unexpressed intentions, by conforming the report and confirming judgment, to them.

This, too, the court is asked to do, when ample opportunity was afforded to each tenant to examine the report, and the omission to do so is the result of his own neglect and inattention, after an acquiescence of seven years under the apportionment of the respective shares. Under such circumstances, a court would be reluctant to disturb its own solemn judgments and the rights and interests which have grown up on their assumed stability and permanence, especially upon the suggestion of so small a diminution in the area of the share assigned to and accepted by the complaining tenant.

Nor need we advert to the indefiniteness of the material inquiry to be made by the jury, was there a mistake? not what are the facts wherein it consists, since this could have been rendered more specific and made to conform to the petitioner's allegations if they were any more specific themselves. The entire record was in the superior court, transmitted in conformity to the practice pointed out in *Jones* v. *Hemphill,* 77 N. C., 42, and *Wood* v. *Skinner,* 79 N. C., 92.

While we do not say it was error in the presiding judge, upon an inspection of the papers in the cause, to decline to submit the issues upon his consideration of the merits of the application as presented in the affidavit offered for the petitioner, his action was fully warranted on the ground that the original cause being ended, the remedy, if any, was by a new action, begun by summons, and not by motion, as established by repeated adjudications, *Covington* v. *Ingram,* 64 N. C., 123; *Thaxton* v. *Williamson,* 72 N. C., 125; *Peterson* v. *Vann,* 83 N. C., 118; *England* v. *Garner,* 84 N. C., 212; and originating in the probate court, *Wahab* v. *Smith,* 82 N. C., 229.

While the consequences to the parties are the same, the appropriate course in the superior court upon the ruling was to award a *procedendo* to the probate court wherein the original record was, directing the relief to be refused and the proceeding dismissed, as would clearly have been the mode of proceeding if the adjudication had been favorable to the petitioner and the issues tried, in order that the relief be administered in the probate court, *Hoff* v. *Crafton,* 79 N. C., 502; *Capps* v. *Capps,* 85 N. C., 408.

While we affirm the ruling of the court that the proceeding cannot be sustained, we correct the error in the manner of disposing of the cause by directing the ruling to be certified with a *procedendo* to the probate court for the dismissal of the application, and it is so adjudged. Let this be certified.

No error.                                    Affirmed.