J. A. WILLIAMSON, Administrator, v. C. A. HARTMAN et als.

*Irregular Judgments—Infants—Guardian ad litem—Motion in the Cause.*

1. A motion in the cause to set aside a judgment for irregularity will be entertained if made in a reasonable time, but this does not imply that every judgment affected in any degree by an irregularity will be set aside. It is only when irregularities are so serious in their nature as to destroy the efficacy of the action and render the judgment void, or when they may seriously prejudice and injure the moving party, that they occasion grounds for setting aside the judgment.

2. What is reasonable time in which the motion must be made, depends upon the circumstances of each case; but when a long period has elapsed and the rights of innocent persons have grown up under judgments, Courts will only set them aside for the most weighty considerations.

3. So, where an infant was duly served with process, and a guardian *ad litem* was appointed, but no process was served on the guardian, nor did he make any defence, and it only appeared inferentially that he knew of the pendency of the action; but it did not appear that the infant had any defence, and adults whose rights were identical with his own, sued in the same action, made no defence; *It was held*, that the judgment was not so irregular that it would be set aside on an application made several years thereafter.

4. Obtaining a judgment by fraud does not make it irregular, and after the action has been determined, the question of fraud can only be tried in a new action brought to impeach the judgment. Before the action has been determined, a party alleging fraud in any previous interlocutory order, may set up such matter by a petition filed in the cause.

5. A motion to set aside a judgment for irregularity will be entertained after the determination of the action.

(*Matthews* v. *Joyce*, 85 N. C., 258; *Vick* v. *Pope*, 81 N. C., 22; *Winslow* v. *Anderson*, 3 Dev. & Bat., 9; *Thompson* v. *Shamwell*, 89 N. C., 283, cited and approved).

MOTION in the cause heard before *Gilmer, Judge,* at Spring Term, 1884, of DAVIE Superior Court.

His Honor refused the motion and the defendant appealed.

No counsel for plaintiff.

*Messrs. Coke & Williamson* and *Clement & Gaither,* for the defendants.

MERRIMON, J.   It appears that Shadrick Etchison died intestate in the county of Davie in the month of March, 1861.   At the Spring Term, 1861, of the late court of equity of that county, his heirs-at-law, one of whom was the appellant in this case, then an infant, filed a petition for the purpose of selling the lands that descended to them from their ancestor named for partition.   In that case, the appellant sued by his next friend, Orrell Etchison.   At the term of the court mentioned, the court granted a decree directing a sale of the land according to the prayer of the petitioner.

The land was afterwards sold by the clerk and master of the court, and Orrell Etchison became the purchaser of the "Home tract," and Thomas Furches became the purchaser of the balance.

At the Fall Term, 1861, of the court, the sale of the land was confirmed by proper decree, and an order was made directing the clerk and master to collect the notes for the purchase money when they became due, and after paying the costs in that behalf, to distribute the funds among the heirs-at-law according to their respective rights.   The purchase money remained unpaid in 1870.

Orrell Etchison was appointed administrator of Shadrick Etchison named above, in June, 1861.   At the Spring Term, 1870, of the Superior Court of the county mentioned, he filed his petition against the heirs-at-law of his intestate, the petitioners in the petition first above mentioned, in which he set forth in substance, what had been done in the cause in equity above mentioned; that the purchase money for the land had not been paid; and that

the *proceeds of the sale of the land* were necessary to make assets in his hands to pay the debts of his intestate. This petition seems to have been a petition in the cause in which the land was sold for partition. A summons was issued in the action or proceeding brought by the administrator against the heirs-at-law including the appellant, then an infant, returnable to the last mentioned term of the court. Some of the heirs who were of age accepted service of the summons, on others it was served, and as to the appellant, he was named in the summons, and the same was served upon him, by delivering a copy thereof to him, and at the term of the court to which it was returnable, a guardian *ad litem* was appointed for him, and he was also named as a defendant in the petition. At that term, there being no objection, so far as appears, the court granted the prayer of the petitioner, and a decree to the effect that the administrator should use and apply so much of the proceeds of the sale of the land as might be necessary to pay the debts of his intestate, and costs of administration, and account for any surplus to the heirs-at-law was granted.

Afterwards, at Spring Term, 1878, of the court, a further order was made in the action, directing an account to be taken to ascertain whether the said Orrell Etchison, the administrator, and who had purchased the the "home tract" of the land, had properly disbursed in payment of the debts of his intestate and the costs of administration, the amount owed by him of the purchase money mentioned.

The account so rendered was taken and report thereof was made, and was considered by the court. It was then further decreed that the Clerk of the court should execute to the purchaser of the land a proper deed therefor upon the payment of the balance of the purchase money ascertained to be due, $115.85. The Clerk, shortly thereafter, made the deed, reciting therein the payment of the sum of money mentioned, and the action was no longer continued on the current dockets of the court, until at the Fall Term of the court of 1880, when, upon the motion of the appellant, it was brought forward and placed on the docket for the purpose of the motion then made by him.

The appellant then moved to set aside the judgments entered in 1870 and 1878, for irregularity, and assigned as grounds for such irregularity that he was an infant at the time the proceedings on the part of the administrator were begun, and the orders and judgments therein were entered; that no service of a summons was made upon his guardian *ad litem*, nor was any defence made in his behalf. He assigned as further grounds of his motion, that the judgments mentioned were fraudulent and void, stating facts in his affidavit tending to show fraud. He also moved to make the administrator *de bonis non* of Shadrick Etchison a party, the administrator having died.

The court denied these motions; the appellant excepted and appealed to this court.

It is true, as the counsel for the appellant insisted on the argument, that a motion in the action to set aside the judgment for irregularity will be entertained by the court, if it shall be made within a reasonable period after it was granted. This, however, does not imply that every judgment affected in any degree, directly or indirectly, by some or any irregularity in the course of the action leading to it, will be set aside. Some irregularities are unimportant and do not affect the substance of the action, or the proceedings in it; there are others of more or less importance, that may be waived or cured by what may take place or be done in the action after they happen; and there are yet others so serious in their nature as to destroy the efficacy of the action and render the judgment in it inoperative and void. Whether the court will or will not grant such a motion in any case must depend upon a variety of circumstances and largely upon their peculiar application to the case in which the motion shall be made.

Generally, a judgment will be set aside only when the irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining interested in it, or when the judgment is void. The court will always, upon motion, strike from its record a judgment void for irregularity.

WILLIAMSON *v.* HARTMAN.

As has been said, a motion to set aside a judgment for irregularity must be made within a reasonable period. What is a reasonable period must depend upon the circumstances and facts of each case; but the more promptly the motion shall be made, the more inclined the court will be to grant it. There is a strong presumption in favor of the regularity of judicial proceedings, and courts are reluctant to set a judgment aside, for irregularity, when the motion to do so has been long delayed, and when rights have accrued, or important action has been taken under and upon faith reasonably reposed in it, and especially when rights of innocent third parties have arisen under and by virtue of it. In such cases courts will interfere only for weighty considerations. It is a wise rule of law, founded in a just and essential public policy, that forbids interference, for light causes, with judicial proceedings and judgments after they have been once settled and determined. *Stare decisis et non quieta movere.*

In this case the appellant was an infant at the time the proceeding was begun against himself and others, and the service of process upon him was not made strictly as required by the statute applicable and then in force; but the summons was duly served upon him, and at the appearance term, a guardian *ad litem* for him was appointed by the court. It does not appear that the guardian was served with a summons, or a copy of the petition, as regularly he ought to have been, nor did he put in any answer for his ward, as strictly he ought to have done. It is fair, however, to infer that he knew of the proceeding; he was an intelligent lawyer, practicing in the court, and the court or counsel for the petitioner informally probably called the matter to his attention, as, according to a loose and improper practice, is sometimes done. But none of the defendants, of whom there were several, made any answer or defence. These defendants had a like and common interest with the appellant, and it seems to have been considered by all the parties, and the merits of the matter showed, that the decree granted at the appearance term, in the absence of any opposition, was a necessary, just and proper one. It does

not appear that it did the appellant, or any party, injustice, or that it could, or ought to have been successfully opposed. The judgment entered at Spring Term, 1878, complained of, was not in itself irregular; it was granted in the orderly course of procedure, apart from the fact that the appellant had not been made a party strictly in the way pointed out by the statute. Whether the report of the referee and the decree confirming it were fraudulent or not, is not a question under consideration at this moment. At that term the appellant made no opposition to the judgment. It appears that he had then been of age three or four years. It is not probable that he was then ignorant of this proceeding. In the orderly course of things he would have heard of it, and if he had knowledge of it, he ought to have given it proper attention. In his affidavit he does not say that he had no knowledge of it at the time and before the judgment entered at Spring Term of 1878 was granted; the effect of what he says is, that he did not then have knowledge of the irregularities in the proceedings as to himself. Nevertheless, he ought to have given the matter such attention as would have enabled him to learn his relation to and interest in it.

Granting that the method by which the appellant was made a party to the proceeding was not strictly regular, still he has not shown that he was reasonably diligent in looking after his interest in it after he became of age, nor has he shown that he has suffered serious wrong or prejudice by reason of the irregularity of which he complains, or that he may yet probably so suffer. Indeed, it appears that the judgments complained of were just and proper, apart from any fraud that may have prevailed in obtaining them, and particularly that of the term of the court of 1878.

It appears also, that third parties have acquired rights, directly and indirectly, under the proceeding and judgments, which it is proposed to set aside.

For such irregularity, attended by such facts and circumstances, applying the rules above stated, we think the motion to

set aside the judgment ought not to be allowed. *Matthews* v. *Joyce*, 85 N. C., 258; *Vick* v. *Pope*, 81 N. C., 22; *Winslow* v. *Anderson*, 3 Dev. & Bat., 9.

The appellant also seeks by his motion to impeach the judgments mentioned, upon the ground that they were fraudulent. This is a ground entirely distinct from irregularity in the judgments. Irregularity in the proceeding or action leading to the judgments is one thing; obtaining them by fraud and fraudulent practices is another and distinct thing; and if this proceeding had not been determined before the appellant made his motion, he might, by proper charges of fraud made and sustained, have impeached them. This, however, ought to be done, not simply by affidavit, but by a petition in the cause, in which the charges of fraud should be set forth and alleged specifically and in an orderly way, so that the opposing party might, by demurrer or answer, make his defence in a like orderly way.

In this case we are of opinion that the proceeding was completely determined before the appellant made his motion, and, hence, he could impeach the judgment in question only by a separate and independent action for that purpose. This is too well settled to admit of question. *Thompson* v. *Shamwell*, 89 N. C., 283, and the cases there cited.

It was insisted by the appellant's counsel, that at least the balance of $115.83 remained in court to be disposed of by some proper order.

This does not appear. What became of the balance does not certainly appear. It ought to have been distributed to the heirs-at-law as directed by the judgment entered at Spring Term, 1870, and the inference is, that it was, as the case disappeared from the current civil issue docket for more than two years before the motion was made. As the case appears in the record, it had been completely disposed of. It is unnecessary to advert to the third exception.

There is no error and the judgment must be affirmed.

No error.                                    Judgment affirmed.