A. J. MOCK v. B. F. COGGIN et al.

*Impeaching Decree—Fraud—Parties—Jurisdiction.*

1. Any error committed or fraud perpetrated in the conduct of an action which has regularly terminated cannot be remedied by a motion in the cause, but relief must be sought by an action to impeach the former proceedings ; and this action is only open to the parties to the original suit.

2. Where persons who were not parties to the original suit are the contestants in an issue of fraud alleged to have been perpetrated in the course of the progress of the cause, the remedy must be sought in an independent action. .

This was a motion to reinstate an action, and for other relief, heard before *Clark, J.*, at Fall Term, 1887, of MONTGOMERY Superior Court.

The facts are stated in the opinion.

*Mr. J. W. Mauney*, for the plaintiff.
No counsel for the defendant.

SMITH, C. J. In this suit certain lands, which had been conveyed to a trustee to secure a loan of money, evidenced by a note which had become, by endorsement, the property of the plaintiff, was sold, under a decree in the cause, by one

Thomas E. Brown, a substitued trustee, and the report thereof made and confirmed. The tracts were bid off by and put down to E. D. Hampton, as purchaser, at the aggregate price of $3,749.

The decree, after confirming the report, disposed of the fund, and the cause terminated at _____ Term, 1870. The title was made to Luke Blackmer, by the said Brown, without any direction in reference thereto from the Court.

Shortly preceding the term of the Court, held on the Fourth Monday after the First Monday in September, 1887, for Montgomery County, notice was given of an intended motion, to be made at that term before the presiding Judge, for an order requiring the said Brown to convey said lands to the purchasers, March and Hampton, for whom it is alleged the latter bought, and further, that the cause be reinstated upon the docket. The notice bears the signatures of Fanny Williams and Lula Hampton, by their attorneys, and is addressed to the said Brown and Blackmer, no one of whom was a party to the cause, while no notice of the purposed proceeding was given by or to the plaintiffs, or by or to the defendants.

The motion was accordingly made, and several affidavits admitted in its support, and in opposition of which we will only observe that the testimony is in irreconcilable conflict as to the circumstances attending the conveyance of the lands to Blackmer instead of to the purchase. The Court denied the motion to restore the cause to the docket, and dismissed it with costs, from which the said Fanny Williams and Lula Hampton appealed to this Court.

It would be under very unusual circumstances, if under any, the Court would restore to the docket a cause ended by a final decree more than seventeen years before the application, and thus neutralize the effects of time, and remove any statutory bar that might arise in case of an original action.

But there is an inseparable obstacle in the way of the proceeding itself, presented in the brief of counsel for the appellee and fortified by references to adjudged cases:

1. The error and wrong, if such there be, cannot be corrected or remedied by *a motion in a terminated cause.* *Covington* v. *Ingram,* 64 N. C., 123; *Thaxton* v. *Williamson,* 72 N. C., 125; *Peterson* v. *Vann,* 83 N. C., 118; *England* v. *Garner,* 84 N. C., 212; *Thompson* v. *Shamwell,* 89 N. C., 283.

2. The remedy must be sought in a new action impeaching a decree for fraud, and this is open to a party in the suit only. *Hinsdale* v. *Hawley,* 89 N. C., 87; *Moore* v. *Hinnant,* 90 N. C., 163.

3. The present case most obviously admits of no other remedy except an independent action, since, not being bound by the action of the Court, the parties may assert their rights without any disturbance from what has been done for the gravamen of the complaint lies in what was done by the parties unconnected with the proceeding itself, and in which the Court did not participate.

There is no error, and the judgment must be affirmed.

Affirmed.