JOHN A. McLAURIN, Adm'r, v. JOHN A. McLAURIN et al.

*Special Proceedings — Real Estate — Assets — Final Decree — Motion in the Cause—Removal of Administrator—Jurisdictional Functions of the Clerk—Irregularities.*

1. Where, in special proceedings upon petition to sell lands for assets, there had been an order of sale, sale had been made, duly reported and confirmed, and the commissioner authorized to make title to the purchaser: *Held,* that this was a final decree.

2. Such decree will not be set aside upon motion in the cause, it not appearing that there was any substantial irregularity, but must be attacked in an independent action regularly constituted for this purpose.

3. It is improper to join a motion to remove an administrator to such a motion. The Clerk, on questions of removal, exercises a jurisdictional function as Clerk, while the other is a special authority conferred upon him by statute.

4. Final judgments may be set aside upon irregularities shown on motion in the cause made in apt time.

This was a motion in special proceedings, heard upon appeal from the judgment of the Clerk of the Superior Court at Fall Term, 1889, of CUMBERLAND Superior Court, before *MacRae, J.*

The special proceeding was brought by the plaintiff administrator to obtain a license to sell lands of his intestate to make assets to pay debts of the latter. The heirs at law of the intestate were regularly made parties defendant. The

petition alleged, particularly, that the personal assets were insufficient to pay the debts of the intestate. The Court made an order directing a sale of the land, for cash, by the plaintiff, as commissioner and administrator. The land was sold by him in pursuance of the order, and he made report that he had sold the same for cash, and that it was sold for a fair price. Thereafter, the Court, on March 9th, 1889, made an order, of which the following is a copy:

"This cause coming on to be heard, and it appearing that the sale was made in pursuance of the order heretofore made, after due advertisement, as per report of John A. McLaurin, commissioner; and it being made to appear from proper evidence that the land brought a fair price, and no objection having been filed within the time prescribed by law, now, on motion, it is adjudged and decreed that the report of John A. McLaurin, commissioner, and the sale of the lands as therein reported, be in all respects confirmed; and the said McLaurin, commissioner, is authorized and directed to make title to the purchaser or purchasers upon payment of the purchase-money."

Afterwards, on the 31st day of August, 1889, one of the defendants—the appellant—moved to set aside the order next above recited, and other interlocutory orders preceding it, for suggested irregularities, for fraud on the part of the plaintiff administrator in procuring such order, and also to remove the plaintiff from his office as administrator. He supported his motion by his affidavit, in which he set forth fully the principal grounds thereof.

The plaintiff moved to dismiss the motion on the grounds— First, for that the same charges fraud, and this Court has no jurisdiction; second, for that the sale has been duly reported and confirmed, and if the defendant M. E. McLaurin (the appellant) desires to attack the same, it can only be done by an independent action; and third, because two separate and distinct causes of action have been improperly joined.

The Court (the Clerk) refused to dismiss the appellant's motion, and the plaintiff appealed to the Judge, who reversed the order of the Clerk, and directed that the motion of the appellant be dismissed, &c., basing his judgment upon the grounds—" First, that there had been a final judgment in the proceedings to sell the lands for assets, and the said proceedings are no longer pending.; that the defendant, M. E. McLaurin, seeks to have the sale and order of confirmation set aside upon the ground of fraud—this can only be accomplished by an independent action, and not by a motion in the cause; second, that the motion to remove the administrator, of which the Clerk has jurisdiction, is improperly joined with the proceeding to vacate the sale and confirmation thereof."

From this judgment the complaining defendant, having excepted, appealed to this Court.

No counsel for plaintiff.
*Mr. T. H. Sutton*, for defendants.

MERRIMON, C. J.—after stating the case : The special proceeding in this case is in the Superior Court, and the Clerk thereof, in making the orders complained of, was acting as, and for, that Court, and not exercising his own jurisdictional functions, as he might do in matters of probate and other matters as to which he has special jurisdiction conferred by the statute (*The Code*, §§ 102–116). Neither the Clerk, acting for the Court in vacation, nor the Court—Judge in term-time— had authority in the special proceeding to remove the administrator. Separate appropriate application for such removal should have been made to the Clerk, exercising his jurisdictional authority as pointed out in *Edwards* v. *Cobb*, 95 N. C., 4, and the cases there cited. The Court, therefore, properly refused to entertain the motion to remove the plaintiff administrator.

The judgment complained of, and the proceedings lead-ing to and underlying it, might be set aside upon proper application of a party within a reasonable time, for any material irregularity therein, although the special pro-ceeding be ended. And if such proceeding be not ended, any proceeding, order or judgment thereof affected by fraud, might, upon proper application therein, be declared void, and set aside on that account. It would be otherwise, how-ever, as to such fraud, if the proceeding were ended In that case the fraudulent judgment could be attacked only by a separate, independent action. This is settled by many decisions. *Peterson* v. *Vann*, 83 N. C., 118; *England* v. *Garner*, 84 N. C., 212; *Thompson* v. *Shamwell*, 89 N. C., 283; *William-son* v. *Hartman*, 92 N. C., 236; *Fowler* v. *Poor*, 93 N. C., 466; *Burgess* v. *Kirby*, 94 N. C., 575; *Syme* v. *Trice*, 96 N. C., 243; *Mock* v. *Coggin*, 101 N. C, 366.

It does not appear that there was any irregularity affect-ing materially the substance of this special proceeding. It was brought, and. so far as appears, conducted as prescribed by the statute applicable, and according to the course and practice of the Court. The Court, therefore, properly declined to set the judgment aside for irregularity.

But the appellant's counsel earnestly contended on the argument here that the special proceeding is not ended by a final judgment therein, and. therefore, the appellant should be allowed, by a motion or petition in the cause, to attack the order of sale, the sale and the judgment confirming the same, for the alleged fraud of the plaintiff, as specified in the affidavit produced in support of his motion. We think this contention not well founded. The order of sale, the sale of the land, the report thereof to the Court, and the judgment confirming the same, settled, disposed of, and concluded the subject-matter of the special proceeding—nothing material remained to be done but to enforce the final judgment. All the proper parties being before the Court, its purpose was to

grant a license to the plaintiff to sell the land specified of the intestate to make assets to pay debts of the latter. The license, in the course of orderly procedure, was granted, the sale was made and confirmed, and the commissioner directed to make title. That was the orderly end—the conclusion of the matter to be litigated, considered and determined.

A final judgment in an action or special proceeding, does not imply, or intend, that no further motion, order, judgment or other appropriate proceeding shall not be made and had to enforce it. It implies that the cause of action—the subject-matter of litigation—as to its merits, has been litigated, heard, considered, settled, determined and concluded by the Court having jurisdiction of the parties and the cause of action. Hence, it was said, in *Flemming* v. *Roberts*, 84 N. C., 532: "But, aside from the unambiguous terms in which the determination of the cause is expressed, where a decree decides that the whole merits of a cause without any reservation for further directions for the future judgment of the Court, that constitutes a final decree; and after it has been pronounced, the cause is at an end, and no further hearing can be had." *Latta* v. *Vickers*, 82 N. C., 501; *Peterson* v. *Vann*, 83 N. C., 118; *Syme* v. *Trice*, 96 N. C., 243; *Smith* v. *Fort*, decided at this term.

The rule of practice is that a final judgment affected adversely by irregularity in the course of action, may be set aside by a simple motion in the cause, if made within a reasonable time; but after final judgment, although the action be not ended, for the purpose of enforcing and giving effect to the same it can be attacked for fraud only by an independent action. Irregularity in actions is ordinarily simple and may usually be readily disposed of by mere motion, but to attack a final judgment is very serious and attended generally with considerable complication of facts, and should be litigated by proper pleadings in an action brought for the purpose. Two or three cases may be found

in which it was held that a final judgment might be attacked for fraud by a motion in the cause, but the prevailing rule of practice is as stated above, as the cases cited, and others not cited, abundantly show. It may be added, that, in some cases, it is difficult to determine when the judgment is final, and this has given rise to some conflict of decisions. In the present case, however, it is clear that the judgment confirming the sale of the land was final, although some possible motion or further action might be taken to give it effect. It is quite as clear that the appellant's cause of complaint is that the sale of land was fraudulent, and the judgment confirming the same was procured by the fraud of the plaintiff. The remedy is by an independent action and not by a motion.

Judgment affirmed.