ELIZABETH J. SMITH et al. v. W. B. FORT et al.

*Final Judgment—Fraud—Irregularity—Remedy.*

1. Where a final judgment or decree has been rendered in a cause, and it is sought to impeach it for fraud, or for serious irregularity in the proceedings, not apparent in the record, the remedy is by a new and independent action, and not by a motion in the original cause.

SMITH *v.* FORT.

2. Where a motion in a cause, which had been terminated by final judgment, was made, upon notice to the parties and supported by the affidavits, but no pleadings had been filed, or issues joined, or any consent entered to treat the motion as an independent action, it was error in the Court, of its own motion, and in its discretion, to so consider and dispose of it, and the Supreme Court will *ex mero motu* correct such error.

CIVIL ACTION, tried at Spring Term, 1889, of WAYNE Superior Court, *Whitaker, J.,* presiding.

In his life-time, John Coley, now deceased, contracted, in writing, to sell and convey to Thomas R. Smith, likewise now deceased, for a stipulated price, the tract of land specified in the complaint. The said Smith died, leaving a last will and testament, which was duly proven, and the plaintiff W. F. Gardener qualified as executor thereof. The said Coley also died intestate, and the defendant W. B. Fort was duly appointed administrator of his estate. The contract of sale above mentioned was not executed at the time of the death of said testator and said intestate.

This action was brought in the Superior Court of the county of Wayne by the plaintiffs' devisees of said will and the executor thereof, against the heirs at law and said administrator of said intestate, to compel specific performance of said contract.

At Spring Term, 1876, of the Court mentioned, a judgment was rendered in favor of the plaintiffs for $2,099, with interest from January 20th, 1876, for certain rents of part of the land, received by the said administrator, and, likewise, judgment was also then rendered in favor of the defendant administrator against the said executor plaintiff for $2,004.34, with interest from January 30th, 1876, balance of purchase-money of the land. It was then further adjudged that the land be sold, subject to homestead, to pay the last mentioned judgment, and John R. Smith was appointed commissioner to make sale thereof. The following is a copy of so much of the judgment as directs such sale:

"It is further adjudged that the land described in the pleadings be condemned and sold, subject to the homestead thereon, for the satisfaction of the above judgment, on a credit of six months, after thirty days' advertisement at four public places in Wayne County, to be sold at the court-house door in Goldsboro, note and security for the purchase-money at 8 per cent. interest. It is further ordered that John R. Smith be appointed a commissioner to sell said land on the above terms, and report his proceeding to this Court."

At the Fall Term of 1876 of the Court, the said commissioner reported that he had made sale of the land, and the Court ordered, as follows:

"The Commissioner having reported that the land described in the pleadings sold for a just price, and there being no exceptions to the sale, the same is confirmed. It is further ordered that on payment of the purchase-money the commissioner, John R. Smith, make title in fee for the same, subject to the homestead."

Afterwards, on the 14th of November, 1876, the said commissioner executed to the purchaser of the land a deed therefor, and the following is as much thereof as need be reported:

"Whereas, John R. Smith, as commissioner, sold the lands hereinafter described, on the 7th day of August, 1876, to W. A. Deans, for three thousand and fifty dollars, in pursuance of an order made at Spring Term, 1876, of Wayne Superior Court, in the action of Elizabeth John Smith and others *v.* W. B. Fort and others; and whereas, at Fall Term, 1876, it was ordered therein that said commissioner, upon payment of the purchase-money, make title to said purchaser for the premises, subject to the homestead thereon:

"Therefore, this deed, made by John R. Smith, commissioner, to William A. Deans, both of Wayne County, Witnesseth: that the said John R. Smith, in consideration of three thousand and fifty dollars, has sold and hereby conveys to the said W. A. Deans, his heirs and assigns," &c.

Afterwards, at Fall Term, 1877, the Court rendered judgment, the material parts whereof are as follows:

"This action coming on for final judgment, and it appearing that John R. Smith has been duly appointed a guardian of the plaintiffs, Elizabeth John Smith, Richard Greene Smith, Polly Ann Smith and Amy Lee Smith, it is ordered that the amount of the judgment heretofore rendered in favor of said plaintiffs against the defendant W. B. Fort, administrator of said John Coley, to-wit: the sum of two thousand and ninety-nine dollars and twenty-one cents ($2,099.21), with interest from January 30th, 1876, be paid over to John R. Smith, as guardian of said Elizabeth John Smith, Richard Greene Smith, Polly Ann Smith and Amy Lee Smith. It is further ordered that said John R. Smith, guardian, pay to A. K. Smedes, referee, out of said money the sum of twenty-five dollars, heretofore ordered to be paid to him by the said plaintiffs."

It is further ordered that John R. Smith, heretofore appointed commissioner to sell the land described in the pleadings, and make title, pay out the proceeds of sale of said land the costs of this action, and to W. B. Fort, administrator of John Coley, the sum of two thousand and four dollars and thirty-four cents ($2,004.34) with interest from the 30th of January, 1876. It is further ordered that said John R. Smith, commissioner, be allowed the sum of fifty dollars for selling said land, making title, &c., and that he retain the same out of said proceeds of sale. It is further ordered that the commissioner, John R. Smith, pay Wm. T. Dortch out of the balance of said fund the sum of one hundred dollars for professional services rendered to Wm. T. Gardner, executor of said Thomas R. Smith, and that he pay over the remainder to Wm. T. Yelverton, Clerk of this Court, to be disposed of as the Court shall hereafter order, unless said W. T. Gardner, executor of said Thomas R. Smith,

shall enter into bond with good security to dispose of said fund according to law, and in the event of the said Gardner giving said bond that said fund be paid to him.

On the 17th of November, 1876, the said Deans, the purchaser of the land, and his wife, conveyed the land so purchased to the said John R. Smith in fee; and afterwards the latter and his wife conveyed a part of the said land to the plaintiffs' devisees, subject to the homestead of the testator named. Afterwards, the said Smith sold and conveyed the balance of said land in parcels to divers persons, "who held said lands for value and without notice of the plaintiffs' equities other than such as is contained in the report of sale, judgments and deeds hereinbefore set out."

. Afterwards, at January Term, 1890, upon proper notice to the defendants and all parties interested in said land and the plaintiff John R. Smith, the plaintiffs, appellants herein, moved the Court to set aside the order of sale heretofore made in said cause, cancel the deed from John R. Smith, commissioner, to W. A. Deans, for the land described in said order of sale, and the deed from W. A. Deans to said John R. Smith for said land, and all *mesne* conveyances by which any of said lands were conveyed to John W. Isler, Sr., Asher Edwards, Hardy Shadding, Alex. Exum, James Joyner, Jacob Screws, W. H. Smith, or either of them; that the judgment in favor of said plaintiffs against W. B. Fort, administrator of John Coley for $2,099, and the judgment in favor of W. B. Fort, administrator as aforesaid against W. T. Gardner, executor of Thomas R. Smith, for $2,004.34 be satisfied of record, and that the defendant be decreed to convey the land described in the complaint to the hereinbefore named plaintiffs, and for such other and further reliefs as they may be entitled to in the premises.

The Court heard the motion upon affidavits offered by plaintiffs and defendants, upon which hearing it rendered

judgment in which it finds that John R. Smith, through the agency of W. A. Deans, was the purchaser at his own sale at a grossly inadequate price; that the judgment at Spring Term, 1877, was a final judgment, and that the plaintiffs' remedy herein was by a new action and not by a motion in the cause, and the Court, in its discretion, considered the motion of the plaintiffs as a new action, and finds that John R. Smith, on November 17th, 1876, conveyed what purported to be 400 acres of said land to plaintiffs appellants in fee, and that John R. Smith, as guardian of plaintiffs appellants, and W. B. Fort, administrator of John Coley, agreed that the judgment in favor of said appellants against W. B. Fort, administrator of John Coley, and the judgment in favor of W. B. Fort, administrator, against W. T. Gardner, executor of Thomas R. Smith, should satisfy each other *pro tanto*, and said Fort paid the difference, to-wit, $94.87, to said John R. Smith, and that John R. Smith paid out of said purchase-money the amounts directed to be paid by the several orders in said action, except the said sum of $2,004, which said sum of the purchase-price of said land the Court finds was not paid; and the Court further finds that the purchasers of said land from John R. Smith, hereinbefore named, who now holds it, purchased for value, without any notice of the plaintiffs' equity, or any other equity, and the plaintiffs' motion was refused and John R. Smith adjudged to pay the costs in this proceeding.

To said findings, rulings and judgments plaintiffs appellants excepted, as follows:

1. That the Court erred in holding that the plaintiffs were not entitled to seek relief herein by motion in the original cause. (Other exceptions need not be reported.)

The plaintiffs appealed.

*Mr. W. C. Monroe*, for plaintiffs.

*Mr. W. R. Allen* (*Messrs. Aycock & Daniels* filed a brief), for defendants.

MERRIMON, C. J.—after stating the facts: The Court below held properly that the judgment rendered in the action at the Fall Term, 1877, of the Court was final. It not only purported to be such a judgment, but it was such in its nature and effect. The Court had jurisdiction of the parties to, and the subject-matter of, the action, and in the orderly course of procedure disposed of and put an end to the whole matter embraced by the litigation.

The counsel for the appellants insisted, on the argument, that the purchase-money of the land was not paid before the commissioner executed his deed to the purchaser, as the order of the Court required, or at all, and there could be no final judgment until this should be paid. If this be granted as true, and we do not decide that it is or is not—it appears from the record—the judgment itself—that the Court understood and acted upon the supposition that it had been paid. The judgment purports and undertakes to dispose of the fund arising from the sale of the land, as well as other funds embraced by it. The proceedings in the action were not irregular, otherwise than as fraud may have been perpetrated by the commissioner, or some other person in some way connected with the action, that led the Court to make some material order or judgment it would not have made if the facts had appeared.

If the Court might take notice of the deed of the commissioner made to Deans, the purchaser, in connection with the judgment, no substantial irregularity appears in or by it. It is not very formal, but it is not, upon its face, void; taken in connection with the order confirming the sale. Any fraud or mistake affecting it does not appear in it. It recites the substance of the order of sale—that a sale was made—the order of confirmation of the same, and that it was made in consideration of the sum of money bid for the land. These recitals, taken together, fairly imply that the purchase-money had been paid—they do not suggest the

contrary, especially when taken in connection with the final judgment.

There was not, therefore, such irregularities in the orders and judgments, interlocutory or final, or any of them, or in the proceedings leading to them, as might be corrected by a simple motion in the cause.

The ground of the plaintiffs' motion seems to be that the deed and judgment are fraudulent. If so, their remedy is not by motion, but, as this action is ended, by an independent action, alleging therein the fraud and demanding appropriate relief as against all parties as to whom and against whom they have a cause of action by reason of such fraud. This is well settled. *Covington* v. *Ingram*, 64 N. C., 123; *Thaxton* v. *Williamson*, 72 N. C., 125; *Peterson* v. *Vann*, 83 N. C., 118; *England* v. *Garner*, 84 N. C., 212; *Fowler* v. *Poor*, 93 N. C., 466; *Williamson* v. *Hartman*, 92 N. C., 236; *Mock* v. *Coggin*, 101 N. C., 366.

The Court, in this case, said that, "in its discretion it considers the plaintiffs' motion as a new action," and it proceeded to hear and deny the motion. We think it should not have done so. The plaintiffs suggested, by informal motion, only a cause of action, distinct from that alleged in this action, that ought to be the subject of a new and independent action. New parties were made to the motion by simple notice—the motion was made informally *ore tenus*—there was no petition or complaint filed alleging the grounds of the motion, or alleging a cause of action in a supposed new or independent action, and there was no answer or demurrer to a supposed complaint. A serious suggested cause of action, involving numerous controverted questions of fact and law, was heard and disposed of by simple motion! Such procedure and practice are unwarranted by the Code of Civil Procedure, or any statute, and we are sure that it ought not to be allowed to prevail. No doubt the Court was misled by what is said in *Stradley* v. *King*, 84 N. C., 635.

In that case, a motion in the cause was improperly made in the action, and the Court treated it as an independent action; but there the Court said "an impeaching complaint, in the form of a petition, is filed, and the answer thereto put in by the administrator, evidence is offered and heard, and, without any demand for a jury or objection to the course of the Judge in passing upon the facts, he finds them, and thereon bases his judgment. All the requirements of a new and independent action seem to meet in the course pursued to bring up the matter complained of for a rehearing." In that case, the parties, in substance, constituted a new action before the Court, observing such authorized method of procedure as presented the pleadings of the parties of record, and the action of the Court thereupon. That could be done only by consent, and while such loose practice may be tolerated, it ought not to be encouraged. In the present case there was no pleading The plaintiffs insisted upon what they deemed their grounds of motion in the cause—they did not allege or attempt to treat their grounds of complaint as a cause of action, growing out of fraud in the judgment and the deed. The counsel of the appellants has argued the case here as a motion in the cause to correct irregularities. It is true, the parties did not except specially to the course of informal procedure adopted by the Court, but we may, as we do, *ex mero motu,* take notice of it and declare that it cannot be allowed to prevail. *Long* v. *Jarratt,* 94 N. C., 443. The Court should have simply dismissed the plaintiffs' motion, leaving them to adopt such other remedy as counsel might advise.

The judgment must be reversed, and judgment entered dismissing the motion at the cost of the parties making it.

Error.