E. W. SMALLWOOD v. S. F. TRENWITH.

*Judgment, vacating—Fraud.*

The remedy against a *final* judgment, on the ground of fraud, is by an independent action, and not by motion in the original cause.

MOTION to set aside a judgment as to the *feme* defendant, heard at Fall Term, 1891, of CRAVEN Superior Court, before *Bryan, J.*

The summons in the action issued December 27th, 1887, and judgment was rendered for the plaintiff and against the defendants at May Term, 1888, for the possession of the land described in the complaint. Execution issued on August 13th, 1891, after service of notice of motion for execution on June 19th, 1891. At Fall Term, 1891, each of the defendants moved to set aside the judgment. The foregoing facts were found and incorporated in the judgment.

The *feme* defendant stated in her affidavit, as ground for granting the motion, in substance—

1. That she had no notice of the judgment rendered against her at May Term, 1888, till the notice was served on her, June 19th, 1891.

2. That she was not present at said May Term, because of an agreement between her husband and the plaintiff, under which he was to have three years longer to settle the mortgage.

3. That she did not consent to the rendition of the judgment against her, and if she was represented by attorney, he acted without authority.

4. That she had an interest in the land in her own right, separate and distinct from that of her husband, and that she did not set it up because of the representation of her husband as to the agreement with the plaintiff, and that it would be a fraud upon her rights to subject her property to pay her husband's debts.

5. That she was advised she had a good cause of defence, and that the attorney who assumed to represent her was insolvent, said attorney being admitted to be insolvent.

The defendants had set up the alleged agreement for indulgence for three years in affidavits filed before the Clerk, in answer to plaintiff's affidavit and motion for leave to issue execution.

From the Clerk's order, allowing execution to issue, the defendants appealed. Pending the appeal, on August 13th, 1891, execution issued and was returned August 17th, 1891. At Fall Term, 1891, the defendants filed affidavits.

*Mr. W. W. Clark,* for plaintiff.
*Mr. W. D. McIver,* for defendants.

AVERY, J.—after stating the case: The *feme* defendant seeks to set aside the judgment on the ground that she was fraudulently misled by her husband. Final judgment had been rendered in May, 1888, and that decree could not, at that late day, be attacked for fraud in the original, but only by instituting an independent action. *Carter* v. *Rountree,* 109 N. C., 29; *Smith* v. *Fort,* 105 N. C., 446.

The Judge below found the facts material to a determination of her appeal from his refusal to set aside the judgment. It appeared from his findings that the judgment was final, and it followed as a conclusion of law that it could not be vacated on motion in the original cause. Conceding the truth of all that was alleged in her affidavit, she must still seek her remedy, if she has suffered any wrong, in a new action. *England* v. *Garner,* 84 N. C., 212; *Ibid,* 90 N. C., 197.

There is no error, and the judgment is

Affirmed.