BECTON v. DUNN.

(Filed March 21, 1905).

*Action of Ejectment—Defense Bond—Power of Court—Irregular Judgment, how Vacated—Code, secs. 274, 237.*

1. In an action of ejectment, plaintiff filed a verified complaint at November Term, 1902, and at said term defendant filed a verified answer, raising material issues and also a defense bond, with surety, in proper form and amount. At January Term, 1903, judgment by default final was taken, and at June Term, 1904, defendant moved, upon proper affidavit, to vacate said judgment: *Held*, the judgment was irregular and it was error in the trial Judge to decline to vacate it for want of power in that the defendant had "waited too long."

2. Section 274 of The Code, providing that a motion to set aside a judgment for "mistake, inadvertence, surprise or excusable neglect," must be made within one year, has no application to an irregular judgment, that is, one contrary to the course and practice of the Court.

3. A motion to set aside an irregular judgment need not be made within one year after rendition of same, but the trial Judge may, in his discretion, vacate same upon a proper showing made within a reasonable time.

4. A failure to file a "justified" defense bond as required by sections 237, 390 and 567 of The Code, does not necessarily avoid the bond, but it is a defect which may be cured by waiver and an exception to the filing of the bond entered by plaintiff on the back thereof, but no action taken by the Court in reference to it, does not authorize the Court to give judgment by default without notice to the defendant.

ACTION by Amos F. Becton against Charles F. Dunn and
others, heard by *Judge G. S. Ferguson,* at the June Term,
1904, of the Superior Court of LENOIR County. The de-
fendant Dunn made a motion to set aside a judgment by
default final rendered at January (Special) Term, 1903.
The motion was denied on the ground that the defendant had
waited too long, to which ruling the defendant Dunn ex-
cepted and appealed.

*Loflin & Varser,* for the plaintiff.
No counsel for the defendant.

HOKE, J. The summons in this action was issued in
August, 1902, returnable to September Term, 1902, of the
Superior Court of Lenoir County. At November Term,
1902, the plaintiff filed his complaint, duly verified, stating
that he was the owner of the land in controversy and the
defendant was in wrongful possession of the same, wrong-
fully withholding it from the plaintiff, etc.

At the said November Term, 1902, pursuant to notice
previously given, the presiding Judge made an order ap-
pointing a receiver of the real estate, giving him the property
in possession to hold the same as such receiver. The order
provided that the same should be vacated if the defendant
should file a justified bond in the sum of $200 "for purposes
of receiver" in ten days. At said term the defendant filed
a verified answer denying the allegation of the complaint
and setting up a further defense, meritorious if the same be
established as alleged. At the same term bond was filed by
the defendant with surety in the sum of $200, in the usual
form for defendants' bonds in actions for realty. On the
back of this bond were the entries, "Filed December 3, 1902;
signed Plato Collins, C. S. C.," and a further entry, "Plain-
tiff comes into Court by his attorneys and excepts to the

filing of this bond, December 3, 1902." So far as the record discloses, no notice was given the defendant that his bond was excepted to, and no action was taken in reference to the same by order requiring further security, or as to the surety justifying on the undertaking already filed. At January (Special) Term, 1903, judgment by default final was taken according to the prayer of the complaint. On September 4, 1903, the defendant caused notice to be served on the plaintiff that he would at September Term following move to set aside the judgment against him. At said term no entry of this motion appears, and no entry concerning the same appears on the record till June, 1904, when the defendant filed an affidavit alleging further merits, and at said term the motion was made and his Honor made the order as heretofore stated.

From this statement it would be observed that no motion was made in court by the defendant until June Term, 1904, more than one year after the rendition of the judgment. His Honor declines to set aside the judgment because the defendant had waited too long. As we construe the order, the relief was denied on the ground that the motion was made more than one year after the rendition of the judgment, and that the Court then had no power to disturb it. This position of his Honor was no doubt on the idea that this was considered a proceeding to set aside a judgment for surprise or excusable neglect under section 274 of The Code, and that such motion was required to be made within one year from the rendition of the judgment. The plaintiff appellee evidently so regarded it, as the authorities cited by him are all decisions under that section. This section was enacted to afford a defendant relief where a judgment regular in form had been taken against him through his mistake, inadvertence, surprise or excusable neglect; and

137——36

if this judgment were of such character, that is, one taken according to the course and practice of the Court, the ruling of his Honor would be correct; but the judgment herein complained of is an irregular judgment, one contrary to the course and practice of the Court, and can be set aside after one year on proper showing made.

The authorities are all to the effect that an irregular judgment may be set aside at a subsequent term, independent of section 274. *Wolfe v. Davis,* 74 N. C., 597. This is not done as a matter of absolute right in the party litigant, but rests in the sound legal discretion of the Court. It is always required that a party claiming to be injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time. 17 Am. & Eng. Enc. (2 Ed.), 84. There is, however, no lack of power in the Court to act after one year when the judgment is irregular, and the facts and circumstances justify and require it. There are numerous decisions in our own Court supporting the proposition as here stated. *Wolfe v. Davis, supra; Cowles v. Hayes,* 69 N. C., 406; authorities cited in Clark's Code (3 Ed.), pp. 321, 322, 323. It cannot be successfully maintained that this is not an irregular judgment. It is a judgment by default final in an action to recover land, and at the time the same was rendered the defendant had an answer on file, properly verified, denying specifically the plaintiff's allegations, and setting up a further defense, meritorious if it can be established, as alleged. More than this, the defendant had at the time, on file, a defense bond in proper amount and form, and no action of the Court had been taken to strike out his answer nor to assail the validity of his bond. True, the bond had not been justified, and the plaintiff had caused to be entered on the back of it, "Plaintiff comes into Court and by his attorney excepts to the filing of this bond, December 3, 1902."

BECTON v. DUNN.

But no action of the Court had ever been taken in reference to it, so far as the record discloses.

While the section of The Code relating to this question seems to require that said bond shall be justified in the first instance by at least one of the sureties swearing that he is worth double the amount therein specified (Clark's Code, secs. 237, 390, 560), a failure to do this does not necessarily avoid the bond. It is a defect which may be cured by waiver. *McMillan v. Baker*, 92 N. C., 110. The exception noted on the back of the bond by plaintiff's counsel does not point at all to the sufficiency of the sureties, certainly not in terms, and if it were otherwise after a defense bond is received and filed, such objection, we think, on a fair interpretation of the statute, could only be made good by some action of the Court on notice duly given.

In the order appointing a receiver, made at November Term, 1902, the Judge had provided that if the defendant should file a justified bond for "purposes of receiver," the appointment of such receiver should be vacated; but this was a privilege granted to the defendant, which in its purpose and terms was confined to the question of receivership, and did not profess to pass on the undertaking as a general defense bond. Even when an answer has been filed without any bond, and has remained on file for some time without objection, it is held to be irregular to strike it out and give judgment without notice or rule to show cause, or without giving the defendant opportunity to file a defense bond. *McMillan v. Baker*, 92 N. C., 111; *Cooper v. Warlick*, 109 N. C., 672.

The Court must not be understood as intimating that the plaintiff is required to go on and incur the expense of a trial when there is no bond, or only an insolvent bond given to protect him. The Court has ample power to require a bond to be justified or a new bond to be given, and under

certain circumstances that the same should be enlarged. *Vaughan v. Vincent,* 88 N. C., 116. But this should be done by some action of the Court, and usually after notice and some evidence offered; and when a motion to that effect is made and properly supported, it is the duty of the Court to see that the plaintiff is protected by a justified and solvent bond. But when a bond has been received and filed and an answer also filed raising material issues, and no preliminary order of the Court made in reference to either, the defendant is entitled to have the issues raised by his answer properly considered and disposed of, and it is irregular to give judgment by default final against him, ignoring his answer and all issues therein raised. *McMillan v. Baker, Cooper v. Warlick* and *Wolfe v. Davis, supra.*

It is the opinion of the Court that there was error in the order of his Honor declining to set aside the judgment for lack of power; and that on the facts disclosed in this record and case on appeal, the judgment by default final entered against the defendant at January (Special) Term, 1903, should be set aside.

Let this be certified to the end that such judgment be set aside and the cause proceeded with in accordance with this opinion and the course and practice of the Court.

Error.