W. H. T. CAUDLE ET ALS. v. MOLLIE MORRIS ET AL.

(Filed 7 November, 1912.)

1. Homestead—Pleading—Burden of Proof.

In an action for the possession of lands, involving title, the defendant must, by proper averment in his answer, assert his right to a homestead therein, should he desire to claim one, and prove that he is entitled to it.

2. Homestead — Executors and Administrators — Lands — Sale to Make Assets—Creditors—Evidence.

In an action for the possession of lands, involving title, wherein the plaintiffs claimed as heirs at law of the deceased owner, a deed from a commissioner to sell the lands was introduced which referred to a proceeding to make real estate assets, to which the plaintiffs were not parties, and was spoken of in the charge as a proceeding for partition of the lands.   The administrator of the deceased was examined in the present action and failed to testify that the decedent's personal property was insufficient to pay his debts; in the record, after the case on appeal, it is stated that the proceedings allotting the lands to the widow of deceased were introduced, but they were not in the record, and it does not appear whether they were *ex parte* or instituted by creditors: *Held*, not to be a scintilla of evidence that the deceased owed any debts that his personal estate was not sufficient to pay.

3. Homesteads—Widows—Heirs at Law—Dower.

A widow is not entitled to homestead in the lands of her deceased husband against the heirs at law, when there are no creditors, but only to dower. N. C. Constitution, Art. X, sec. 5.

4. Homestead — Widow—Deeds and Conveyances—Pleadings—Evidence—Judgments—Estoppel.

A widow cannot maintain her claim for a homestead in the lands of her deceased husband against the heirs at law when it appears that she has conveyed it by deed to another, and in an action by the heirs at law to recover the lands in possession of the widow's grantee the latter cannot successfully claim the homestead by virtue of his deed, when he has made no such claim in his answer, and has put his whole title in issue, which was decided adversely to him. It was his duty to set up every claim he had to the land, and is precluded as to those he might have set up, but did not.

5. Homestead—Determinable Interest—Deeds and Conveyances.

A homestead interest in lands is a determinable exemption, and not an estate in land, which determines upon its being conveyed by the homesteader.

APPEAL by plaintiff from *Peebles, J.,* at October Term, 1911, of WAKE.

Civil action. These issues were submitted by the court to the jury:

1. Was the execution of the deed from A. B. Emery to his son Vance procured by fraud and undue influence? Answer: No.

2. Did the defendant Bryant Smith acquire title to the lands in question under the deed from J. C. L. Harris, commissioner, to him? Answer: No.

3. Is the plaintiff Mrs. Loretta Caudle, as devisee, entitled to recover the lands described in the complaint? Answer: No.

4. Did A. B. Emery at the time he signed the deed to A. Vance Emery have mental capacity to make a deed? Answer: Yes.

5. Are the plaintiffs, Loretta Caudle, Sarah Smith, and Fannie Pulley, the owners as tenants in common of the lands mentioned in the complaint, subject to the homestead of Vance Emery's widow? Answer: Yes.

6. What damages, if any, are the above-named plaintiffs entitled to recover? Answer: One penny each.

6a. Did the defendant Bryant Smith fraudulently receive and hold the deed from J. C. L. Harris, commissioner? Answer: No.

7. If so, when did the plaintiffs first learn of such fraud on the part of said Smith? Answer: .......... ,   °

8. When did the plaintiffs first learn that Bryant Smith claimed the land in controversy as his own under the deed from J. C. L. Harris, commissioner? Answer: April term of court, 1908.

9. When was this action commenced as against Bryant Smith in his individual capacity? Answer: June 10; 1911, as devisee of her father.

10. Is the action of Loretta Caudle and husband as devisee of her father barred by the statute of limitations? Answer: Yes.

Whereupon the court rendered judgment that the plaintiffs herein, to wit, Mrs. Loretta Caudle, Mrs. Sarah Smith, and Mrs. Fannie Pulley, recover of the defendant Bryant Smith the lands described in the complaint, subject to the homestead of Mollie Morris, the widow of A. V. Emery, during its continuance.

The said plaintiffs excepted to so much of the judgment as adjudged Mollie Morris to be entitled to a homestead in the lands in controversy, and appealed.   ˙

*R. C. Strong for plaintiffs.*
*R. N. Simms and Douglass, Lyon & Douglass for defendants.*

BROWN, J. This action was brought to recover possession of certain tracts of land from defendant Bryant Smith, to whom they were attempted to be conveyed by J. C. L. Harris, commissioner. The land was originally the property of A. B. Emery. The findings of the jury (not excepted to) confirm the title of his son, A. Vance Emery, and destroy the title of Bryant Smith.

It is admitted in the record that Vance Emery died intestate, leaving no ˙child, and that the three *feme* plaintiffs named in

the judgment are his heirs at law and next of kin, and that the defendant Mollie is his widow, and that defendant Bryant Smith is in possession of the land.

Plaintiffs by excepting to that part of the fifth issue, and also to the judgment exempting the homestead of Mollie Morris from their recovery, present the question on this appeal as to whether under the pleadings, evidence, and the form in which this action is brought, his Honor erred in adjudging that Mollie Morris is entitled to a homestead in the lands in controversy as against these plaintiffs. The exception is well taken.

1. As contended by the learned counsel for plaintiffs, there is no such claim or plea of homestead set up in the answer of either Bryant Smith or Mollie Morris.

It has been uniformly held by this Court that in an action to recover land, if the defendant desires to claim a homestead therein he should assert his rights by proper averment in the answer. *Wilson v. Taylor,* 98 N. C., 276. In the opinion the Court says: "No issue in regard to the homestead was raised by the pleadings, and there was no question in relation thereto, as appears from the record, till after the verdict. The issues are raised by the pleadings," citing *Hinson v. Adrian,* 92 N. C., 121. The Court further says: "In all cases cited by counsel for the defendants the claim to the homestead was presented by the pleadings." This case has been cited and approved in a number of cases given in the annotated edition of our reports, and is directly in point and determinative of this appeal.

2. There is not only a lack of *allegata,* but also of *probata* supporting the claim of homestead, and it has been repeatedly held that both are essential.

There is not a scintilla of evidence in the record that Vance Emery owed any debts that his personal estate was insufficient to pay. The deed from J. C. L. Harris, commissioner, to Bryant Smith, who was the administrator of Vance Emery, refers to a proceeding to make real estate assets instituted by said administrator against Mollie F. Morris, formerly Mollie F. Emery; but it is expressly disclosed that these plaintiffs, the only heirs at law of Vance Emery, were not parties to it. In

referring to that proceeding in his charge, his Honor declared it to be a proceeding for partition, in these words: "We have had a lot of fuss about this little piece of land. They told us that Smith had bought the land at his own sale, alleging fraud and everything; but on examination of the papers I find he did not buy any land at all; so that his part is eliminated. The proceeding for partition to sell the land made the widow a party, and these children were not parties, and this deed did not affect them at all. The title is in them, if A. V. Emery had title to it."

Smith, the administrator of Vance Emery, was examined as a witness in his own behalf and failed to testify to any unpaid and outstanding indebtedness against the estate that the personal property was insufficient to pay.

It is stated in the record after case on appeal that "the proceedings allotting the whole land to the widow of A. V. Emery were introduced. These proceedings are not in the record, and it does not appear whether they were *ex parte* or were instituted on behalf of creditors in accordance with the statute. A widow is not entitled to homestead against the heirs at law when there are no creditors, but only to dower. The language of the Constitution declares that "if the owner of a homestead die, leaving a widow but no children, the same shall be exempt from the debts of her husband," etc. *Watts v. Leggett,* 66 N. C., 197. It must be borne in mind that this is not a proceeding to sell the land to pay debts, but an action by the heirs at law to recover possession of it from the defendant Bryant Smith, who admits that he is in possession.

3. There is another reason why Mollie F. Morris is not entitled to a homestead in this land, and that is because she and her husband, by deed dated 17 April, 1901, duly conveyed "the homestead right of the said Mollie F. Morris in the aforesaid eight tracts of land as heretofore laid off and allotted to her as the wife of A. V. Emery to the said Bryant Smith, his heirs and assigns, forever."

It appears from Exhibit B attached to the case on appeal that this was overlooked by the learned judge, and had it been

called to his attention that he would have omitted from the judgment the words "subject to the homestead of the widow of A. V. Emery."

4. Bryant Smith cannot claim the homestead of Mollie Morris for himself, because he set up no such claim in his answer, and put his whole title in issue, and that was decided adversely to him under the second issue. It was his duty to set up every claim he had to the land, and he is precluded as to those he might have set up, but did not. *Wagon Co. v. Byrd,* 119 N. C., 461.

Again, it is contended that when Mrs. Morris conveyed her homestead right in the land she terminated the homestead exemption, as a homestead is now considered a determinable exemption, a mere *cessat executio,* and not an estate in land. It is not necessary to decide the point, but in view of recent decisions of this Court it may be that Bryant Smith as assignee of Mrs. Morris cannot set up the claim of homestead exemption even as against creditors, much less against the heirs at law. *Joyner v. Sugg,* 132 N. C., 580. See note, section 11, page 378, Connor and Cheshire on Constitution.

Let the judgment of the Superior Court be modified in accordance with this opinion by striking out the words "subject to the homestead interest of Mollie Morris, the widow of A. V. Emery during its continuance," and as so modified the judgment is affirmed.

The appellees, the defendants, will be taxed with costs of this appeal.

Modified and affirmed.

HOKE, J., concurs in result.