R. M. COX AND. W. A. MARTIN, Administrators, v. C. V. S. BOYDEN, Administratrix.

(Filed 5 November, 1914.)

1. **Judgments, Irregular—Course and Practice of Courts—Rendered in Wrong County—Power of Courts.**

    In the absence of statute and without the consent of the parties litigant, the trial judge is without power to render a judgment outside of the county wherein the cause is pending, and a judgment thus rendered is contrary to the course and practice of the courts.

2. **Same—Motions in Cause—Procedure.**

    Where a judgment rendered outside of the county wherein the cause was pending states that it was done with the consent of the parties, one of them, whose substantial right is affected, may, by motion in the cause, move to set aside the judgment upon the ground that his consent was not in fact obtained; and it is error for the judge before whom the motion is made to refuse to entertain it for lack of power to do so.

3. **Limitation of Actions—Judgments—Course and Practice—Interpretation of Statutes.**

    Revisal, sec. 513, requiring that application to relieve against a judgment for mistake, surprise, or excusable neglect be made within one year, does not apply to a judgment rendered contrary to the course and practice of the courts, as where the judgment was signed in a different county from the one in which the action was pending, without the consent of the complaining party.

APPEAL by defendant from *Devin, J.,* at February Term, 1914, of SURRY.

Motion to set aside judgment made in the above cause.

The cause was pending in the Superior Court of Surry County, and on reference had, report was made and judgment entered confirming report and, among other things, ordering a sale of certain lands of N. A. Boyden, deceased, etc., and application of proceeds to creditors.

This judgment was signed by his Honor, C. C. Lyon, judge, presiding at a Superior Court of Forsyth County, December, 1911, and concludes as follows: "This judgment is signed by consent of counsel both for plaintiff and defendant, in the Superior Court of Forsyth County, N. C."

Thereupon C. V. S. Boyden, at October Term, 1913, entered a motion on notice given to set aside said judgment, and same having been continued to February Term, 1914, said defendant submitted an affidavit tending to show that her rights as a litigant were wrongfully prejudiced by said judgment and averring that same was signed in the county of Forsyth without her "knowledge and without the consent of either herself or her counsel," and the court, being of opinion that it was without

power to disturb the judgment signed by Judge Lyon, declined to consider the affidavit of defendant or find the facts relevant to the inquiry, and entered judgment that the former judgment was in all respects valid; and thereupon defendant excepted and appealed.

*Winston & Biggs for defendant.*
*No counsel contra.*

Hoke, J., after stating the case: In *Bank v. Peregoy-Jenkins Co.,* 147 N. C., 293, the Court held that except by consent or unless authorized by statute a judge was without power to sign a judgment affecting substantial rights of a party litigant in one county when the cause was pending in another, and, this being true, if the judgment objected to was signed without the consent of affiant or her counsel, in the county of Forsyth, when the cause was pending in the county of Surry, it is open to her to question its validity, and whether the same is void or only irregular, our decisions are to the effect that the proper procedure is by motion in the cause. *Massie v. Hainey,* 165 N. C., 174; *Bank v. McEwen,* 160 N. C., 414; *Calmes v. Lambert,* 153 N. C., 248; *Roberts v. Pratt,* 152 N. C., 731; *Rackley v. Roberts,* 147 N. C., 201; *Flowers v. King,* 145 N. C., 234; *Becton v. Dunn,* 137 N. C., 559.

In reference to the position that this is a judgment in its nature final, to be impeached only by independent action, it was held in *Roberts v. Pratt* and affirmed in the more recent case of *Massie v. Hainey:* "While it is very generally recognized that a final judgment can only be impeached for fraud by means of an independent action, this position does not necessarily prevail when a judgment has been procured by fraudulent imposition on the court as to the rendition, or where it has been entered contrary to the course and practice of the court. In such case relief may ordinarily be obtained by motion in the cause, and this procedure, as a rule, is proper and allowable in all cases where courts of the common law would correct their judgment by writs of error *coram nobis* or *coram vobis;* and this is especially true under our present system combining legal and equitable procedure in one and the same jurisdiction." And on the provision of the statute, Revisal, sec. 513; Code, sec. 274, requiring that an application to relieve against a judgment for mistake, surprise, or excusable neglect to be instituted within one year, the cases of *Calmes v. Lambert, supra,* and *Becton v. Dunn, supra,* and others are to the effect that this limitation as to time applies, as a rule, to judgments which are in all respects regular, and does not obtain as to those which are taken contrary to the course and practice of the Court.

On the question of procedure, the case of *Bank v. McEwen, supra,* is an apt authority in support of defendant's motion, and in that case

*Associate Justice Walker,* delivering the opinion, said: "A court has the power to open or vacate a judgment which appears to have been entered by consent or agreement of the parties on adequate grounds, *e. g.,* fraud or mistake or the real absence of consent, if so found." And· this principle is also fully recognized in case of *Lance v. Russell,* 157 N. C., 448.

On authority, therefore, we are of opinion that the defendant was entitled to have her application heard and properly considered, and there was error in declining to entertain the motion from lack of power to set aside the judgment.

This will be certified, to the end that the cause may be considered and determined in accordance with law and the course and practice of the Court.

Error.