FRANK GOUGH v. VIRGIL BELL ET AL.

(Filed 4 November, 1920.)

**1. Judgments—Default—Motions— Irregular Judgments— Laches— Reasonable Time—Statutes.**

A judgment by default taken after answer has actually been filed in time, though, by mistake in the date thereof, appearing not to have been, is irregularly entered and the remedy is by motion in the cause to set it aside, made within a reasonable time under existing conditions.   Rev.,

274, relates to judgments taken in the course and practice of the courts, and has no application to judgments irregularly entered.

**2. Same—Mortgages—Sales—Purchaser for Value—Improvements.**

Where an irregular judgment by default final has been taken against a mortgagor of lands and he has been ousted from the possession thereof by proceedings for the purpose, without protest, or motion in the cause to set aside the judgment for more than 5 years, and after improvements have been made thereon by the purchaser or his vendee, a purchaser for full value without notice, the delay is *Held* to be an unreasonable one, and the motion will be denied.

**3. Judgments—Irregular Judgments—Motions—Laches—Merits.**

Upon motion to set aside an irregular judgment, the right of the movant is not absolute and without limit as to time, and in order to obtain relief in case of judgment voidable for irregularity, it is required of him that he should move within a reasonable time and make a reasonable show of merits, which, under the facts in this case, he has not done.

**4. Judgments—Irregular Judgments—Motions—Judgments Set Aside— Rights of Third Persons—Purchasers for Value Without Notice.**

The power of the court in setting aside a judgment by default final, for the want of an answer, extends to modifying the judgment and imposing conditions pertinent to the scope of the inquiry, as the right and justice of the case may require; and, in proper instances, it may set aside the judgment as between the original parties, and protect the rights of an innocent purchaser of lands for full value, without notice, which have arisen to him under the judgment vacated.

Proceedings, heard on motion to set aside judgment of foreclosure of mortgage on real estate, before *Allen, J.,* at February Term, 1920, of Robeson.

On perusal of the record and affidavits filed, the court finds the facts and ordered that the judgment be set aside as between the parties because same is irregular and contrary to the course and practice of this court, and the cause be dealt with as the matter is presented in the pleadings filed in the cause.

Plaintiff excepted and appealed.

*McIntyre, Lawrence & Proctor for plaintiff.*
*McNeill & Hackett for defendant.*

Hoke, J. It appears from a perusal of the record and affidavits and the pertinent findings of fact predicated thereon that, in February, 1914, plaintiff, at a regular term of the court on a verified complaint, recovered judgment by default final for definite amount alleged to be due, $800, and interest, and for foreclosure by sale of defendant's real estate pursuant to a mortgage executed to secure plaintiff's debt; that thereafter, and in early part of 1914, sale was had after due advertisement by a court commissioner, and plaintiff became the purchaser at the price of

$550, report made and duly confirmed at June Term, Superior Court, 1914; that on proceedings instituted, defendant was ejected from the property, and plaintiffs, having bought other lands adjoining, commenced to make valuable improvements on the property and later sold said property with a lot of the adjoining lands to one O. L. Joyner for $9,000, part cash; that the latter bought without actual notice of any infirmity in the proceedings, and, since acquiring title, has made further and valuable improvements on the property; that when the judgment by default was taken, it appeared that there was an answer of record by defendant, in effect claiming a credit of about $400 on plaintiff's debt, apparently verified nine or ten months after the time allowed by the court for such filing and verification, but it now appears that said answer was duly verified and filed within the time, but the apparent neglect was due to the mistaken entry by the notary public of the date on the verification made and entered by him.

It appears further that defendant was fully aware of the court proceedings and judicial sale of his land at the time, or shortly after the sale occurred, and neither at the time nor in the proceedings to oust him from the property, nor at any other time, made any formal application to set the judgment aside for irregularity or otherwise till 1920, shortly before this proceedings was instituted.

On these facts chiefly relevant, we concur in his Honor's view that the judgment complained of is irregular, and, in such case, it is within the power of the court to set the same aside. *Becton v. Dunn,* 137 N. C., 559. The power extends also to modifying the judgment imposing such conditions, pertinent to the scope of the inquiry as the right and justice of the case may require, and the order made, in this instance, which, in effect, assures the title of the innocent purchaser for value while allowing the immediate parties to further litigate their rights in reference to the condition, thus presented comes well within the principle. *Geer v. Reams,* 88 N. C., 197; 23 Cyc., 901, citing *Craig v. Major,* 139 Ind., 624, and other authorities.

Our cases on the subject are to the effect, further, that the restriction of one year, in motions to set aside judgments, for surprise, excusable neglect, etc., Rev., sec. 274, applies only to those judgments which are in all respects regular and taken according to the course and practice of the Court, and is not controlling in reference to irregular judgments. *Cox v. Boyden,* 167 N. C., 320, and authorities cited. While this statutory restriction as to time does not prevail in judgments of the present kind, the right of defendant to invoke the aid of the court, on applications of this character, is not absolute and without limit as to time, and it has been held with us in numerous decisions that, in order to such relief in case of judgments voidable for irregularity, it is incumbent on defendant that he should move with reasonable promptness and make a

reasonably probable show of merits. *Rawls v. Henrie,* 172 N. C., 216; *Harris v. Bennett,* 160 N. C., 339; *Glisson v. Glisson,* 153 N. C., 185; *Proctor v. Dunn, supra; Matthews v. Joyce,* 85 N. C., 258. A proper application of the principles approved in these and other like cases, is in our opinion against the exercise of the power in the present instance. It appearing from the affidavits and findings that the judgment complained of was in 1914; that shortly thereafter, not later than June, 1914, defendant was fully aware of the judgment and its consequences; that he was ousted from possession of the property by judicial proceedings, and neither then nor at other time has he made formal objection to the judgment and sale of his property until the institution of the present motion, in 1920; that during this period the plaintiff, purchaser at the sale, which has been fully confirmed by the court, has made expenditures in improving the property; has bought and improved other lands adjacent, and, after three years, the tract including this and some of the other lands has been bought for full value by an innocent purchaser, without notice, and he has also made extensive outlays and improvements thereon.

A perusal of the record, including the affidavit of defendant himself, will disclose further that he is a man well accustomed to litigation; that he has been substituting one mortgage for another without much apparent progress, and that his allegations of merits, on the face of it, is open to serious question, and, from the admissions and facts in evidence, we are clearly of opinion that there has been inexcusable laches on the part of defendant, and for that reason his application for relief should be denied.

Reversed.