The court below rendered the following judgment:
"This cause coming on to be heard on motion of the defendant, in the cause heretofore tried in Mecklenburg County, entitled `F. Fowler v. E.Fowler,' for divorce, said motion being to set aside the judgment in that case rendered 5 November, 1924, in the Superior Court, alleging as ground for the motion that the order of publication of summons was procured from the clerk of the Superior Court of Mecklenburg *Page 537 
County by false and fraudulent affidavits, and for other causes as shown by the motion and petition filed therein, and the motion being heard upon affidavits filed:
"The court finds the facts to be that F. Fowler, the plaintiff in that action, and E. Fowler, were married on 18 May, 1921, for a time lived together as man and wife in Wake County, in the city of Raleigh; that subsequently the said F. Fowler separated himself from his wife, E. Fowler, and came to reside in the county of Union; and that while a resident of Union County he instituted an action for divorce in the Superior Court of Mecklenburg County; that summons by publication was made in a newspaper called the Charlotte Herald, published in the city of Charlotte, N.C. a weekly paper of very limited circulation; that the order of publication of summons was procured from the clerk of the Superior Court of Mecklenburg County upon the affidavit as set out in the record of that case; that no attempt was made to secure personal service as appears in the record; that at the time of publication of the notice of summons, the said E. Fowler was living in the county of Wake, in the city of Raleigh, and at the same house where she was living at the time that F. Fowler separated from her.
"The court further finds that the first knowledge which the defendant, E. Fowler, had of a pendency of any such suit or a judgment having been rendered therein, was in February, 1925, when she read in a newspaper an account of the killing of her husband in Union County, and a statement made in the paper that he had been recently divorced from her by a decree of the court in Mecklenburg County.
"The court further finds that the affidavit in which said F. Fowler swore that his wife was a nonresident of the State, and that she was keeping herself concealed within the State to avoid service of summons, was false.
"Upon these facts, the court being of the opinion that these matters and things constitute a fraud upon the defendant, E. Fowler, holds that the proper remedy in this case, if any she has, is by a separate action to set aside the judgment and not by a motion in the original cause.
"It is therefore ordered and adjudged that the motion is overruled."
The statement of case on appeal is as follows:
"Judgment of absolute divorce was rendered in an action entitled, `F. Fowler, plaintiff v. E. Fowler, defendant,' in the Superior Court of Mecklenburg County on 6 November, 1924. This judgment granted an absolute divorce to the plaintiff, F. Fowler or Frank Fowler, against his wife, E. Fowler, or Etta Bagwell Fowler. There was no service of summons on the defendant who resided in Raleigh, N.C. and has been residing at Raleigh, N.C. ever since her marriage to the plaintiff in *Page 538 
1921. Service of summons was secured by publication. The plaintiff F. Fowler, was killed in February, 1925, by one Bertha Case, with whom he was living in adultery in Union County. Notices of the murder of Frank Fowler were published in the newspapers with the statement that he had secured a divorce from his wife, E. Fowler, or Etta Fowler. Upon seeing said notices, the defendant, E. Fowler, or Etta Fowler, made a motion in this cause to set aside the decree of divorce which had been entered in the Superior Court of Mecklenburg County. The motion to set aside the decree of divorce was based upon the lack of service, fraud, and other grounds set forth in the motion in this cause. The plaintiff, or respondent, executor of F. Fowler, filed a special appearance upon the ground that the court was without jurisdiction to pass upon and determine the alleged motion. Upon overruling the special appearance, the respondent filed an answer. Upon the motion and answer and affidavits on both sides the court found the facts as set forth in his judgment and held that a motion in the cause is not the proper remedy, but that the proper remedy is a separate action to set aside the judgment of divorce. From this judgment, the movant, Mrs. E. Fowler, or Mrs. Etta Fowler, appealed to the Supreme Court."
Other relevant facts will be set forth in the opinion.
The defendant's assignments of error are as follows: "That the court erred in holding that a motion in the cause was not the proper remedy in this case, for that a motion in the cause is always the proper remedy. (1) When there is no service of process; (2) Where the affidavit for publication of summons is false and defective; (3) Where there is fraud upon the court in securing judgment; (4) For excusable neglect under C. S., 600."
The power to vacate judgments was conceded by the common law to all its courts. Within its proper limitations it is a power inherent in all courts of record and independent of statute. It may be exercised by the court either of its own motion or suggestion by a party or interested person. At common law this power was exercised in a great variety of circumstances and subject to various restraints. 1 Freeman on Judgments, 5 ed., part sec. 194.
There is a vast difference between void and voidable judgments. It is a universally accepted rule that a judgment which is absolutely void may be vacated by the court in which it is tendered. It is at all times a nullity. A court may strike from its record what purports to be but *Page 539 
is not in fact a judgment, because entered without authority. Clark v.Homes, 189 N.C. 708. A judgment void upon its face is subject to both direct and collateral attack. A judgment may be vacated for prejudicial irregularity, and is a voidable judgment. It is good and valid until set aside. The power to vacate judgments on this ground is not dependent on statute, but is inherent in the court. In order to such relief in case of judgments voidable for irregularity, reasonable promptness and ordinarily a show of merit is necessary. Gough v. Bell, 180 N.C. 268; Cox v. Boyden,167 N.C. 320; Becton v. Dunn, 137 N.C. 559.
An irregular judgment can be set aside by direct attack — motion in the cause by a party thereto — within any reasonable time and ordinarily showing merit. Carter v. Rountree, 109 N.C. 29; Everett v.Reynolds, 114 N.C. 366; Jeffries v. Aaron, 120 N.C. 167; Clement v.Ireland, 129 N.C. 221; Ins. Co. v. Scott, 136 N.C. 157; Duffer v.Brunson, 188 N.C. 789; Ellis v. Ellis, ante, 418.
"A judgment is said to be irregular whenever it is not entered in accordance with the practice and course of proceeding where it is rendered. The irregularities which have been treated as sufficient to justify the vacations of judgments are very numerous, and it is not possible to prescribe any test by which, in all jurisdictions, to determine whether or not a particular irregularity is such as to require the vacation of a judgment. When the irregularity does not go to the jurisdiction of the court, its action will be largely controlled by the promptness with which the application is made, and by the consideration whether or not the irregularity is one which could have operated to the prejudice of the applicant." 1 Freeman on Judgments, 5 ed., part sec. 218. Williamson v.Hartman, 92 N.C. 236; Stancill v. Gay, 92 N.C. 455; Scott v. LifeAssociation, 137 N.C. 515; Glisson v. Glisson, 153 N.C. 185; Currie v.Mining Co., 157 N.C. 209.
"Many decisions emphasize as a feature of collateral attack its attempt to step outside the record of the former judgment; the rule of such decisions is that any effort to impeach a judgment in a prior action or proceeding is collateral when it is based on allegations of facts not apparent on the face of the record, but wholly dehors the record." 1 Freeman, supra, part sec. 306.
In a California case it was said: "When we speak of a direct attack upon the judgment, we usually refer to some proceeding in the action in which it was rendered, either by a motion before the court which rendered it, or an appeal therefrom, whereas an attempt to impeach the judgment by matters dehors the record is a collateral attack." Parson v. Weis, 144 Cal. 410,77 P. 1007.
An attack upon a judgment can be either by motion in the cause or separate independent action. The court below held "that the proper *Page 540 
remedy in this case, if any she has, is by a separate action to set aside the judgment and not by a motion in the original cause."
In the statement of case on appeal "the motion to set aside the decree of divorce was based upon the lack of service, fraud, and the other grounds set forth in the motion in this cause," etc.
One of the assignments of error "When there is no service of process." From the record the affidavit for publication of summons is as follows: "F. Fowler, plaintiff in the above entitled action, being duly sworn, says, that the above named defendant is a nonresident; that if she is a resident of the State, she keeps herself concealed so summons cannot be served on her; that the plaintiff has a good cause of action against the defendant; that this is an action started by the plaintiff against the defendant to obtain an absolute divorce, and to have the bonds of matrimony heretofore existing between the parties dissolved; that summons in this action was duly issued and the sheriff of Mecklenburg County, has returned said summons, endorsed thereon `the defendant, after due diligence cannot be found in Mecklenburg County, and after due and diligent search, defendant cannot be found in the State of North Carolina.'"
C. S., 484, is as follows: "Where a person on whom the service of the summons is to be made cannot, after due diligence, be found in the State, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof and it in like manner appears that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a proper party to an action relating to real property in this State, such court or judge may grant an order that the service be made by publication of a notice in either of the following cases: . . . (5) Where the action is for divorce," etc.
The affidavit of F. Fowler does not follow the plain language of the statute to obtain service by publication and nowhere does he make oath that the defendant E. Fowler "cannot after due diligence be found in the State." This is mandatory. If, as the record discloses in this case, the defendant at the time was in the State without this oath plaintiff could not be indicted for perjury. The affidavit embodying this material allegation is the very cornerstone to obtain jurisdiction by publication. This all-important material allegation was omitted from the affidavit contrary to the very wording of the statute.
In Davis v. Davis, 179 N.C. 188, this question is discussed and the Court said: "The service of summons by publication is fatally defective, in that it does not conform to the requirements of the statute. The foundation and first step of service by publication is an affidavit that `the person on whom the summons is to be served cannot, after due diligence, be found within the State.' . . . Everything necessary to *Page 541 
dispense with personal service of the summons must appear by affidavit. The mere issuing of summons to the sheriff of the county of Pasquotank, and his endorsement upon it the same day after it came to hand, that the `defendant is not to be found in my county,' is no compliance with the law; for it might well be that the defendant was at that time in some other county in the State, and that the sheriff knew it, or by due diligence, could have known it, and make upon the defendant a personal service of the summons. Every principle of law requires that this personal service should be made, if compatible with reasonable diligence." Sawyer v. Drainage District,179 N.C. p. 182.
It is well-settled that for fraud perpetrated on a party to the action the judgment must be attacked by an independent action. Bost v. Lassiter, 105 N.C. 490; Sharp v. R. R., 106 N.C. 308; Smallwood v. Trenwith,110 N.C. 91; Uzzle v. Vinson, 111 N.C. 138; Gallop v. Allen, 113 N.C. 25;Simmons v. Box Co., 148 N.C. 344; Craddock v. Brinkley, 177 N.C. 125.
Clark, C. J., in Simmons v. Box Co., supra, at p. 345, said: "In the well-known case of Harrison v. Harrison, 106 N.C. 282, it was held that when there was no service of process the judgment could be set aside by motion in the cause. `Where it appears from the record that a person was a party to an action, when in fact he was not, the legal presumption that he was a party is conclusive until removed by a correction of the recorditself, by a direct proceeding for the purpose.' Sumner v. Sessoms,94 N.C. 377. This means by motion in the cause, for the court corrects the record to speak the truth. To same purport, Doyle v. Brown, 72 N.C. 393, where it is said: `Where the summons was not served on defendant and he did not enter an appearance nor have any knowledge of the action until after default judgment, the judgment is void and will be set aside, on motion.' "Long v. Rockingham, 187 N.C. p. 209.
In Craddock v. Brinkley, supra, p. 127, it is said: "It is true that when the ground alleged for setting aside the judgment is not based upon fraud, the proper remedy is by motion in the cause, but we have no distinct forms of action now, and it has been held that when a party by mistake brings an independent action when his remedy is by motion in the original cause, the court may, in its discretion, treat the summons and complaint as a motion. Jarman v. Saunders, 64 N.C. 367. It is true that an independent action, when brought in another county, cannot be treated as a motion in the cause (Rosenthal v. Roberson, 114 N.C. 594), but that does not obtain here as the proceeding is in the same county."
In the case at bar defendant, movant, relies on several motions. We think a motion in the cause the proper procedure, as there was no service of process and the attempted service a nullity and the judgment void. *Page 542 
Defendant, movant, contends that property rights are involved in this case and a decree of divorce may be set aside after the death of one of the parties.
Executor of plaintiff contends that: "Webber v. Webber, 83 N.C. 280, is cited by the appellant defendant, movant," and says: "There the plaintiff died during the term. Issues were found in his favor. The opinion in that case opens with the statement by Smith, C. J.: `It is clear that the action does not survive, and consequently abates, unless prevented by the rule of relation, whereby all judicial proceedings during a term are treated as if they took place on the first day of the term.'" But in the conclusion of the opinion, this is said (p. 284): "It is suggested that the action for a dissolution of the marriage tie, the end and solution of which are consummated by death, rendering a judgment needless, does not fall under the control of a fiction adopted for other and different purposes. While the suggestion is not without force, we can find no legal ground for its exemption from the operation of a principle applicable to all other actions."
We think the great weight of authority sustains the position that the decree can be vacated under the facts and circumstances in this case.
19 C. J., 169, sec. 421, on Divorce, states: "Yet by the weight of authority, for the purpose of establishing property rights the court may vacate a decree, even after complainant's death, where it was obtained by fraud, and imposition on the part of the complainant, or without dueservice of process." (Italics ours.)
This case discloses a flagrant abuse of the process of the court. The plaintiff, now deceased, knowing that his wife was alive and in the State, starts a divorce proceeding in a distant county in the State, different from the one he lived in. He makes no affidavit, as is required by the statute where the parties are nonresident to get jurisdiction in this State, that the wife, the defendant, "cannot, after due diligence, be found in the State." He omits from his oath this material allegation, and obtains an order to give notice by publication. This is published in a paper of small and limited circulation. Only the initials of him and his wife are set forth in the action. He makes serious charges against his wife, as taking place in South Carolina — beyond this jurisdiction, and obtains a decree of divorce without any knowledge on her part to defend her character. The only knowledge that came to her was when he was killed by his paramour and the article in the newspaper set forth this divorce unknown before to her. If, under the facts and circumstances here disclosed, the courts could not protect this wife, justice would be dead.
The judgment below is
Reversed. *Page 543