PAUL T. MENZEL AND WIFE, SARAH E. MENZEL (NEE SARAH E. CREEKMORE) v. LUCILE R. MENZEL AND PAULINE C. MENZEL, INFANT CHILDREN OF PLAINTIFFS; MILES N. OVERTON AND GRANDY B. OVERTON

AND

PAULINE MENZEL WILLIAMS, PETITIONER, MOVANT v. CHARLES CAMDEN BLADES, MELICK WEST BLADES, AND LEMUEL SHOWELL BLADES, JR., TRUSTEES UNDER THAT CERTAIN AGREEMENT RECORDED IN DEED BOOK NO. 98 AT PAGE NO. 402, OFFICE OF THE REGISTER OF DEEDS OF PASQUOTANK COUNTY, AND SARAH E. MENZEL (NEE SARAH E. CREEKMORE).

(Filed 23 September, 1959.)

**1. Judgments § 25—**

The remedy to obtain relief from an erroneous judgment is by appeal or proceedings equivalent thereto taken in due time. G.S. 1-268, G.S. 1-269.

**2. Same—**

The remedy to obtain relief from an irregular judgment, including irregularities resulting from fraud, is by motion in the cause.

**3. Judgments § 27d—**

An irregular judgment is one entered contrary in some material respect to the course of practice and procedure allowed and permitted by law, and such judgment may be set aside only upon a showing by defendant that he has a meritorious defense and has acted with due diligence.

**4. Judgments § 25—**

The remedy to set aside a final judgment for fraud is by independent action, since the right to the relief depends upon extraneous facts which the parties are entitled to have found by a jury.

**5. Judgments § 27e—**

A judgment which is regular on the face of the record is not void for fraud but only voidable.

**6. Judgments § 25—**

Attack of a judgment by motion in the cause on the ground of want of proper service requires the court to examine the judgment roll to ascertain if on its face it showed proper service, and if the judgment roll would itself disclose vitiating irregularities in service without the necessity of the introduction of evidence *aliunde*, motion in the cause is the proper procedure.

**7. Process § 6—**

Where the affidavit for service by publication, the order of publication and the published notice, give notice to contingent remaindermen of the institution of an action "concerning real estate of which the Superior Court of the said county has jurisdiction," the service by publication is defective. G.S. 1-98, G.S. 1-99.

**8. Judgments § 25—**

The procedure to attack a judgment rendered out of term and out of the county on the ground of want of consent to such hearing is by motion in the cause, since the question may be determined by the judgment roll and the court minutes without the necessity of evidence *aliunde*.

**9. Estates § 7—**

Prior to the enactment of G.S. 44-11 permitting the payment to the life tenant of the value of her estate, it would seem that upon application for sale for reinvestment of an estate subject to remainders the court could only determine the estates which the several parties had in the land and the desirability of sale and reinvestment of the entire proceeds.

**10. Judgments § 25—**

In order to set aside for irregularities a judgment for the sale of land for reinvestment, the court must find that the irregularities materially prejudiced the rights of the movant, that movant acted with due diligence, and that she is entitled to the relief as against subsequent purchasers of the land, and all who were parties to the original action are entitled to notice and an opportunity to be heard.

HIGGINS, J., not sitting.

APPEAL by movant from *Paul, J.,* April 1959 Term of CAMDEN.

*LeRoy, Goodwin & Wells for movant appellant.*
*Worth & Horner for appellees.*

Rodman, J.   On 12 February 1912 summons issued for defendants from the Superior Court of Camden County in an action entitled "*Paul T. Menzel and wife, Sarah E. Menzel (nee Sarah E. Creekmore) v. Lucile R. Menzel and Pauline C. Menzel, Infant Children of Plaintiffs; Miles N. Overton and Grandy B. Overton.*" This summons was returned "not to be found" as to all defendants.

In September 1912 plaintiffs filed a complaint alleging in substance: Bailey J. Overton died in 1884 leaving a will which had been duly probated in Camden County, copy of which was annexed to and made a part of the complaint; he left as his heirs his widow, then dead, and a granddaughter, the plaintiff Sarah; Bailey J. Overton died seized of real estate in Camden County, a portion of which descended to plaintiff Sarah as heir at law, subject to the life estate of the widow which had then terminated; the remaining real estate was devised to Sarah for life with remainder to her issue, should she leave any, and if Sarah should die without issue, to his nephews Miles N. Overton and Grandy B. Overton; the plaintiff Sarah was by descent and the terms of the will the owner in fee of all the land of which Bailey Overton died seized; a sale of the property and reinvestment of the proceeds was desirable and to the best interest of the owners. The prayer of the complaint was that plaintiff Sarah be declared the owner in fee of said lands and for a sale and reinvestment of the proceeds. On 24 May 1912 Sarah Menzel made an affidavit that defendants were not residents of the State of North Carolina and could not be found therein; that a cause of action existed in favor of the plaintiffs against the defendants; that the defendants were proper parties to an action relating to real estate described in the will of Bailey J. Overton. At the spring term 1912 the clerk made an order for publication of summons, based on the affidavit of plaintiff Sarah, returnable "at the fall term 1912 of the Superior Court of Camden County, beginning on the second Monday after the first Monday in September, 1912"; on 28 May 1912 the clerk signed a notice for publication in a newspaper notifying defendants that an action had commenced in the Superior Court of Camden County "concerning real estate, of which the Superior Court of the said county has jurisdiction . . ." The notice directed the defendants to appear at a term to be held "on the first Monday after the first Monday in September, 1912." At the spring term 1913 counsel for plaintiffs applied to the clerk for the appointment of a guardian *ad litem* for Lucile and Pauline Menzel. On 12 March 1913 the clerk entered an order reciting: "It appearing to the Court that the defendants Lucille & Pauline Menzel are minors without general or testamentary guardian and it appearing that C. E.

Thompson is a suitable and discreet person to represent their interest in this cause, it is therefore considered and adjudged that . . . . . . be and is hereby appointed guardian *ad litem* . . ." On 12 March 1913 C. E. Thompson, guardian *ad litem*, filed an answer for the infants admitting all of the factual allegations of the complaint, denying plaintiffs' conclusions. At the spring term 1913, which convened 10 March 1913 (c. 38 P.L. 1911) Judge B. F. Long, presiding, entered an order reading: "In this cause all parties consenting, it is considered and adjudged that the same be heard out of term and out of the county at spring term 1913 of Chowan County Superior Court." The record presently before us does not disclose the date this order was signed by Judge Long. Judge H. W. Whedbee construed the will and rendered judgment declaring plaintiff Sarah the owner of all the lands for her natural life with remainder over to such issue of Sarah as should be living at her death, and if none should then be living, to the defendants Overton. Judge Whedbee, finding a sale for reinvestment was to the interest of all parties, directed a sale providing "that the proceeds of said sale, less cost of sale be reinvested under order of this Court." The judgment then directed that the value of the life estate be ascertained "and commuted, shall be paid to, or allowed in payment for said land, should she become the purchaser." The commissioner advertised the property for sale on 6 October 1913. Plaintiff Sarah became the purchaser for $3,200. The sale was reported by the commissioner. The value of the life tenant's estate was ascertained to be $2,658.68. The commissioner was, at the November term 1913, directed to execute the deed and disburse the proceeds. Pursuant to this order, deed was made to Sarah Menzel.

In December 1958 Pauline Menzel Williams, nee Pauline Menzel, filed in the Superior Court of Camden County a motion, service of which was accepted by L. S. Blades, Jr., Charles C. Blades, and Melick W. Blades, and Sarah E. Menzel. The motion so filed asserts that the original summons issued in February 1912, the complaint, the affidavit for publication of 24 May 1912, the order of publication, the order of appointing guardian *ad litem*, the answer of the guardian *ad litem*, the order directing the hearing at Chowan Superior Court, judgment signed by Judge Whedbee, the order determining the life estate of Sarah Menzel, the confirmation of the sale, and all other orders, judgments, and proceedings in said action should be set aside and declared null and void, including the deed from the commissioner to the life tenant. As reasons for the motion she asserted the action was never in fact instituted by Sarah E. Menzel, no guardian *ad litem* was ever properly appointed for movant, no proper answer was ever filed in

said action by any guardian *ad litem*, "the orders and judgments entered and the proceedings had in the aforesaid 1912 proceeding were improperly and improvidently had and entered, without legal authority, basis or justification," Paul T. Menzel, plaintiff, perpetrated a fraud upon Sarah E. Menzel, the other plaintiff, and for other reasons assigned in her affidavit, copy of which she attached to her motion and notice. In the affidavit it is asserted that Lucile Menzel was dead, leaving movant Pauline, who had intermarried with F. Webb Williams, as her heir at law; that movant was only five years of age when summons issued for her in 1912, that movant did not know until the latter part of 1957 of the action instituted in 1912; that she had not been properly served with process; and the appointment of guardian *ad litem* and filing of the answer were improper; "at no time was any consent or approval given or accorded to any step, order, or part of the above-entitled 1912 proceeding by this affiant, her mother, Sarah E. Menzel, any properly appointed guardian of the minor defendants therein, any properly employed attorney, nor any other person connected therewith." The affidavit charges there were "no proper notice of hearings, consent to hearings, advertisement for service or for sale, nor any other proper or legal step taken in said proceeding which might in any way or manner accord to the same the validity or support of law or justice." She further states facts tending to show that Paul T. Menzel, her father and one of the plaintiffs, perpetrated a fraud on the court and on her and her mother. She asserts that the property was sold for far less than its value, that she never received anything from the proceeds of sale, that it was subsequently acquired by Dr. L. S. Blades with knowledge of the defects in the proceeding. Respondents claim under L. S. Blades.

Sarah Menzel filed no answer to the motion. Respondents Blades filed a "Request for Denial of Motion." As a basis for the motion to dismiss, they asserted movant based her motion on fraud, and since a final judgment had been entered and the action terminated, relief could not be obtained by motion in the cause, but an independent action was the proper and exclusive means to obtain relief. Respondents further asserted that movant was barred by the lapse of time— 45 years—since the judgment was entered and deed made.

At the spring term 1959 of Camden all parties in interest consented that Judge Paul, who was then presiding over the Superior Court of Camden County, should hear the matter at the May term of Pasquotank Superior Court and enter judgment to the same effect as if heard and entered in Camden.

Movant, at the hearing in Pasquotank, offered in evidence the

judgment roll in the Camden action of 1912. Upon objection of respondents it was excluded. The judgment states: "After hearing the reading of Pauline Menzel Williams' Notice and Motion and her Affidavit and Petition, and after hearing the reading of the named Respondents' Request for Denial of Motion, and after hearing argument of counsel, the Court being of the opinion that respondents' Motion should be determined on the petition and pleadings themselves and that it should rule on respondents' Request for Denial of Motion, treating respondents' Motion and contentions as being that if the allegations or averments of said movant's Motion and Affidavit be admitted, she is not entitled to the relief sought by her in the manner presented, and the Court being of the opinion that movant's Motion and Affidavit are based upon allegations of fraud allegedly practiced in the suit in Camden County in 1912-13, and that more than forty (40) years have elapsed since the seeking of any relief in said suit of said 1912-13, SUSTAINED Respondents' OBJECTION . . .." The court thereupon entered judgment allowing the respondents' motion to dismiss. It is from this judgment that movant appealed.

The proper procedure to obtain relief from a judgment depends on the reason asserted for its invalidity.

To obtain relief from a mistaken interpretation of the law resulting in an erroneous judgement the complaining party has his remedy by appeal or proceedings equivalent thereto taken in due time. G.S. 1-268 and 269; *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460; *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409; *Crissman v. Palmer*, 225 N.C. 472, 35 S.E. 2d 422; *Dail v. Hawkins*, 211 N.C. 283, 189 S.E. 774.

To obtain relief from an irregular judgment, that is, one entered contrary in some material respect to the course of practice and procedure allowed and permitted by law and not a mere erroneous interpretation of the law, the injured party should proceed by motion in the original cause. *Collins v. Highway Com.*, 237 N.C. 277, 74 S.E. 2d 709; *Simms v. Sampson*, 221 N.C. 379, 20 S.E. 2d 554; *Cox v. Boyden*, 167 N.C. 320, 83 S.E. 246; *Massie v. Hainey*, 165 N.C. 174, 81 S.E. 135; *Houser v. Bonsal*, 149 N.C. 51; *Simmons v. Box Co.*, 148 N.C. 344; *Whitehurst v. Transportation Co.*, 109 N.C. 342; *Williamson v. Hartman*, 92 N.C. 236. To obtain relief from an irregular judgment, movant must allege and show that he has a meritorious defense and acted with diligence upon discovering the wrong done him. *Franklin County v. Jones*, 245 N.C. 272, 95 S.E. 2d 863; *Duffer v. Brunson*, 188 N.C. 789, 125 S.E. 619; *Gough v. Bell*, 180 N.C. 268, 104 S.E. 535. Where a judgment has been obtained by fraud and the action has

MENZEL v. MENZEL AND WILLIAMS v. BLADES.

terminated, an independent action to vacate the judgment is proper. *Williamson v. Hartman, supra; Sharp v. R.R.,* 106 N.C. 308; *Carter v. Rountree,* 109 N.C. 29; *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315. The reason for this rule is aptly stated in *Simmons v. Box Co., supra*: "When it is sought to set aside a judgment for fraud, that must be done by an independent action, because it depends upon extraneous facts, which the parties are entitled to have found by a jury. The judgment is not void for fraud, but voidable. On the face of the record it is regular. But when it is sought to set aside a judgment for irregularity, in that there has been no service of summons, it is for the court to find the facts and correct the record to speak the truth, and if in fact there was no service of summons or appearance by the defendant (which would waive service of summons), the judgment is void."

Material irregularities, which result from fraud, to a party's prejudice are properly corrected by motion in the cause. *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138; *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227.

The motion asserts the orders on which the court assumed jurisdiction were entered "without legal authority, basis or justification." The affidavit states movant had not been properly served with process. True movant does not elaborate on her statement that she had not been properly served, but we are of the opinion and hold that this averment was sufficient to require the court to examine the judgment roll to ascertain if it, on its face, showed service of process. Such an examination would be made with the provisions of the Rev. 442 and 443, now in substance G.S. 1-98 and 99, in mind. Such an examination would, we think, disclose questions as to the sufficiency of the affidavit, the order of publication, and the published notice, which merely notifies defendants of the institution of an action "concerning real estate, of which the Superior Court of said county has jurisdiction." *Bacon v. Johnson,* 110 N.C. 114; *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144; 72 C.J.S. 1099.

The motion is also sufficient to challenge the validity of the judgment rendered by Judge Whedbee on at least two grounds: (1) Was there consent to a hearing outside of Camden County? This would seem to raise the factual question: Was the order signed by Judge Long entered before or after the answer was filed by C. E. Thompson as guardian *ad litem*? That fact could be determined by an examination of the minutes of the court. No parol evidence would be required to find the answer. A judgment rendered out of the county without consent is subject to attack by motion in the cause. *Cox v. Boyden,* 167 N.C. 320, 83 S.E. 246. (2) Conceding consent to a hearing, could

the court under the complaint and answer and the consent order do more than determine (a) the estates which the several parties took under the will of Bailey J. Overton, and (b) the desirability of a sale and reinvestment of the entire proceeds? Rev. 1590; *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841; *McCullen v. Durham,* 229 N. C. 418, 50 S.E. 2d 511; *Simms v. Sampson, supra; Land Bank v. Davis,* 215 N.C. 100, 1 S.E. 2d 350; *Caudle v. Morris,* 160 N.C. 168, 76 S.E. 17. The statutory authority now given to ascertain and pay over to the life tenant the present value of his interest was inserted in what is now G.S. 41-11 by c. 88 P.L. Extra Session 1921.

It would not seem necessary to take parol testimony to determine whether the irregularities asserted by movant exist. The judgment roll and court minutes should provide the answers. The motion and accompanying affidavits, when liberally construed, were, in our opinion, sufficient to require the court to examine the record for the purpose of determining which, if any, of the asserted irregularities existed. Movant, appellant, insists in her brief and on oral argument that her attack on the judgment and the sale made pursuant thereto is based on the irregularities asserted in the motion and affidavit, and not for fraud, except as it may have caused the irregularities. The language of the motion is admittedly general. The court may, of course, require movant to specifically identify the irregularities on which she relies to vacate the judgment. The court is likewise entitled to be informed of the reasons which movant asserts in support of her claim of irregularities.

If the court, upon an examination of the record, finds irregularities, it must, before affording relief, find: (1) the irregularities materially prejudice the rights of movant; (2) movant has acted with diligence; and (3) she is entitled to relief as against present claimants. *Harris v. Bennett,* 160 N.C. 339, 76 S.E. 217.

We read the affidavit which movant filed with the motion as intended to allege facts on which the court can find these requisites. The fraudulent acts charged to her father, one of the plaintiffs, are not asserted as a basis for relief but merely to explain why movant had not previously acquired knowledge of the judicial proceeding purporting to divest her of her interest in the real estate and hence the long delay in seeking to have the sale declared void. She apparently recognizes that merely because she was a contingent remainderman she would not be permitted to wait until the estate became vested and she had a present right of possession before attacking the judgment. *Harris v. Bennett, supra.*

The motion and affidavit are sufficient to require the court to in-

-vestigate the charge of irregularities, hear the evidence, and make proper findings based thereon. Notice of the motion does not appear to have been given to Miles N. Overton and Grandy B. Overton or their successors in interest. As parties to the original action it would appear that they are entitled to be heard and that notice of the motion should be given to them.

Reversed.

HIGGINS, J., not sitting.